17532

Mrs. Myron J. EDWARDS and Bank of Great Falls, Respondents, v.
GREAT AMERICAN INSURANCE COMPANY,
a foreign corporation, Appellant
(108 S. E. (2d) 582)

*Charles W. McTeer, Esq.,* of Chester, *for Appellant,*

*Messrs. Hemphill & Hemphill,* of Chester, *for Respondents,*

May 12, 1959.

LEGGE, Justice.

On February 13, 1953, appellant issued its policy in the amount of $2,000.00, insuring against loss or damage by fire during the ensuing year a one-story frame tenant dwelling owned by the respondent Mrs. Edwards, the policy being payable to the respondent Bank of Great Falls, mortgagee, as its interest might appear. The agreed value of the dwelling, as stated therein, was $2,000.00. This policy was renewed annually, and in the renewal certificate for the year commencing February 13, 1956, there was added coverage of $500.00 on a barn, the agreed value of which was stated in the certificate to be $500.00. On July 12, 1956, both the dwelling and the barn were totally destroyed by fire. Respondents brought this action on the policy and obtained a verdict for $2,500.00. From the judgment entered thereon, and from the order refusing its motion for new trial, defendant appeals.

In its answer the defendant pleaded:

1. That the policy had become void because Mrs. Edwards had, without defendant's written permission, procured additional insurance on the property in excess of its agreed valuation, in violation of the following provisions of the policy:

"Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto."

"Insurance on any building covered under this policy in excess of that fixed in the valuation clause is prohibited. If, during the term of this policy, the insured shall have any such insurance, whether collectible or not, and unless permitted by written endorsement added hereto, the insurance

under this policy, insofar as it applies to the buildings (s) on which other insurance exists, shall be suspended and of no effect."

2. That the defendant was ready and willing to pay to the respondent bank the amount of the mortgage obligation held by it, not exceeding the amount of defendant's liability under said policy, and to have the mortgage assigned to it in accordance with the following provision of the policy:

"Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owners, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his, her or their claim."

3. That if the policy involved in this action should not be held avoided because of additional insurance obtained by the plaintiff without having first obtained written permission from the defendant for said insurance, the defendant, under the terms of the policy and the statute law of South Carolina, can be held liable for only a proportionate amount of the insurance carried in the policy.

The exceptions charge error:

1. In admission of testimony that the plaintiff Mrs. Edwards had advised defendant's agent of other insurance on the property, such testimony not being responsive to any allegation of the complaint;

2. In refusal of appellant's motions for directed verdict and for new trial, upon the ground that the evidence was susceptible of no reasonable inference other than that the

plaintiff Mrs. Edwards had violated the policy provisions by procuring other insurance without appellant's written permission;

3. In refusal of appellant's motion that the Bank of Great Falls have judgment for the amount due on its mortgage and that appellant be subrogated to the bank's rights in said mortgage; and

4. In refusal of appellant's motion for new trial upon the ground that under the statute (Code, 1952, Section 37-154) as charged by the trial judge the jury should have found against appellant for only such portion of the coverage under its policy as the amount of that policy bore to the total amount of the several policies on the property.

The policy in suit was issued under date February 13, 1953, through Great Falls Insurance Agency, of which Mr. J. G. Gambrell was President. Mr. Gambrell was also President of Bank of Great Falls, which held a mortgage of the insured premises dated February 14, 1952, securing Mrs. Edwards' note of that date to said bank in the amount of $1,500.00, payable February 14, 1953. No part of the principal of this note had been paid at·the time of the trial of this case. Whether the property had been insured for the benefit of the mortgagee prior to February 13, 1953, is not revealed by the record. The policy in suit was signed by Mr. Gambrell for Great Falls Insurance Company, and contained the usual mortgagee clause providing that loss, if any, should be payable to Bank of Great Falls as its interest might appear.

Mr. Gambrell, a witness for the plaintiffs, testified that Bank of Great Falls also had another policy issued, on February 17, 1955, by Hanover Fire Insurance Company of New York, through Great Falls Insurance Agency, and deposited with the Bank of Great Falls, covering the same property against loss or damage by fire to the amount of $2,000.00 on the dwelling and $500.00 on the barn. In that policy, which was renewed on February 17, 1956, for the

year following, the total insurance on the dwelling was stated to be $4,000.00; the value of the dwelling $4,000.00; the total insurance on the barn was stated to be $1,000.00; the value of the barn $1,000.00. That policy was signed by Mr. George S. Dominick, of Great Falls Insurance Agency. Mr. Gambrell testified that at the time of the fire he knew of no insurance on the property other than the two policies before referred to. He further testified that the reason for his bank's refusal to accept from appellant the amount of the mortgage debt and transfer the mortgage to appellant was that Mr. and Mrs. Edwards were indebted to the bank in addition to their mortgage obligation, "and we had agreed among ourselves that the balance of that indebtedness would be taken care of out of the proceeds of the insurance."

On November 9, 1954, Mr. Edwards, who handled for his wife the insurance of her property, procured, from Mullican Insurance Agency, of Great Falls, another policy of fire insurance on the property in question. That policy, issued by New Hampshire Fire Insurance Company, covered the dwelling for $2,000.00, the barn in question for $1,000-.00, and another barn (with which we are not concerned) for $1,000.00. It was for a one-year term, and was renewed on November 9, 1955, for another year. It contained no mortgagee clause. Mr. Edwards testified on direct examination that his visit to Mullican Insurance Agency had really been for the purpose of getting insurance on some hay that he was about to put in the "house"; and that Mr. Mullican had told him that he could not insure the hay, but that he would insure the house. Also, on direct examination:

"Q. How much insurance did you take out with him (Mullican) at that time? A. I took out about $4,000.00.

"Q. Now, did you inform anybody in the Great Falls Insurance Agency that you had taken out the additional insurance with Mullican? A. Yes, sir.

"Q. Who did you inform? A. A fellow working for the insurance agency. His name was Dominick. And also Mr. Gambrell.

"Q. All right, this fellow, is that George S. Dominick who issued that green policy? A. Yes, sir."

Mr. R. C. Mullican, a witness for the defendant, testified that he wrote the New Hampshire policy before mentioned and that neither at that time nor when the policy was renewed did he have any knowledge of any other insurance coverage on the property in question. On cross examination he stated that his records made no mention of agreed valuation or of total insurance.

Mr. Dominick of Great Falls Insurance Agency, who signed for that agency the Hanover policy, did not testify.

We note, then, that at the time of the fire on July 12, 1956, there were in existence three policies of insurance on the house and barn in question, *viz.*:

1. Policy of appellant, Great American Insurance Company, issued on February 13, 1953, through Great Falls Insurance Agency, by Gambrell, and renewed through that agency on February 13, 1954, and again on February 13, 1955. Agreed value of dwelling, $2,000.00; agreed total insurance on dwelling $2,000.00; coverage on dwelling, this policy, $2,000.00. Agreed value of barn $500.00; agreed total insurance on barn, $500.00; coverage on barn, this policy, $500.00.

2. The New Hampshire policy, issued on November 9, 1954, through Mullican Insurance Agency, by Mullican, and renewed on November 9, 1955. Coverage on dwelling, this policy, $2,000.00; on barn, $1,000.00. No agreed value or agreed total insurance shown.

3. The Hanover policy, issued on February 17, through Great Falls Insurance Agency, by Dominick. Agreed value of dwelling $4,000.00; agreed total insurance on dwelling $4,000.00; coverage on dwelling, this policy, $2,000.00. Agreed value of barn, $1,000.00; agreed total insurance on barn, $1,000.00; coverage on barn, this policy, $500.00.

The third assignment of error before mentioned cannot be sustained. Under the subrogation clause of the policy, payment by appellant of the mortgage obligation was a condition precedent to appellant's right to claim subrogation to the rights of the mortgagee.

Mr. Edwards' testimony to the effect that he had told appellant's agents (Mr. Gambrell and Mr. Dominick) of the other insurance taken out with Mullican was admissible on the issue of waiver of the forfeiture provisions of the policy before quoted. Appellant's contention that this testimony was inadmissible because waiver 'had not been pleaded is, we think, unsound. The plaintiff is not required to allege waiver of a condition subsequent (*e. g.*, of forfeiture) in the policy sued upon. *Kingman v. Lancashire Insurance Co.*, 54 S. C. 599, 32 S. E. 762. Nor need 'he reply, unless ordered to do so by the court on the defendant's motion, to new matter in the answer alleging breach of such a condition by way of defense. Code, 1952, Section 10-661.

The record here is substantially devoid of testimony bearing on the issue of waiver, other than that of Edwards that after he had taken out the New Hampshire policy with Mullican he told both Gambrell and Dominick that he had done so, and that of Gambrell that he knew of no insurance on the property other than the two policies (Great American and Hanover) that had been written through his insurance agency. Because of the conflict of interest between Gambrell's two principals, appellant on the one hand and the bank on the other, the trial court might well have rejected entirely Edwards' statement that he had notified Gambrell of the additional insurance with Mullican. But there still remains Edwards' testimony that he so notified Dominick. What Dominick's position with appellant's agency, Great Falls Insurance Agency, was at the time of the notification so asserted is not disclosed in the record; but it does appear that when the Hanover policy was written, about three months after that of New Hampshire Insurance Company,

Dominick signed it for Great Falls Insurance Agency. Dominick did not testify, and consequently Edwards' testimony that he had notified him of the New Hampshire coverage some three months before the Hanover policy was written is uncontradicted by that of any witness.

To pass upon the credibility of Edwards' testimony was the function not of the court, but of the jury. If, believing it, they concluded that appellant's agent Dominick consented to the additional coverage of the New Hampshire policy, their inference that appellant's right to claim forfeiture under its policy was thereby waived cannot be said to be wholly unsupported by the evidence. *Rowell v. Fireman's Insurance Co.,* 142 S. C. 457, 141 S. E. 20.

Appellant suggests in argument here that Great Falls Insurance Agency was not shown by respondents to have been anything but a soliciting agency, and that since, as a general rule, an insurance company is not chargeable with knowledge acquired by its soliciting agency after the policy has been issued, 29 Am. Jur., Insurance, p. 630, waiver cannot be predicated on Edwards' testimony before mentioned, because appellant's policy had been issued prior to the claimed notification by Edwards of his procurement of the New Hampshire policy. That contention does not appear to have been made in the trial court, and is therefore not available here. We note, additionally, that appellant's policy was renewed through Great Falls Insurance Agency on February 13, 1955, some three months after the time when, according to Edwards' testimony, that agency had been informed of the additional coverage.

Section 37-154 of the Code provides, among other things, that "if two or more policies are written upon the same property they shall be deemed and held to be contributive insurance and if the aggregate sum of all such insurance exceeds the insurable value of the property, as agreed by the insurer and the insured, each company shall, in the event of a total or partial loss, be liable for its pro rata

share of insurance." The issue under Section 37-154 is quite different from that under the forfeiture clause of the policy. Mere consent of the first insurer to additional insurance (and that is the most that can be said of the evidence here with regard to the New Hampshire coverage) does not effect a waiver of its right to prorate under that law. *Cave v. Home Insurance Co. of New York*, 57 S. C. 347, 35 S. E. 577, *Wynn v. Caledonia Insurance Co.*, 100 S. C. 47, 84 S. E. 306. But under the facts of this case we do not think that appellant is entitled to prorate on the basis of the agreed insurable value as stated in its policy. The writing of the Hanover policy, in which the agreed insurable value of the dwelling was stated to be $4,000.00, and that of the barn $1,000.00 was more than mere consent by appellant's agent, Great Falls Insurance Agency, to that coverage. It was express recognition that such was the insurable value; and although its agent did not evidence it by endorsement on appellant's policy, as might properly have been done, appellant cannot be heard to deny that it did, through its said agent, agree to such valuation within the meaning of the statute before mentioned.

The proper measure of respondents' recovery is as follows:

| | | |
|---|---|---|
| Appellant's coverage on dwelling | . . . .$2000.00 | |
| Agreed insurable value of dwelling, | . .$4,000.00 | |
| Total insurance on dwelling | . . . . . . $6,000.00 | |
| Recovery, as to dwelling, 2/3 of $2,000 | | $1,333.33 |
| Appellant's coverage on barn, | . . . . . .$  500.00 | |
| Agreed insurable value of barn, | . . . .$1,000.00 | |
| Total insurance on barn | . . . . . . . . .$2,000.00 | |
| Recovery, as to barn, ½ of $500.00  . | | $  250.00 |

Unless the plaintiff, within ten days after the filing of the remittitur with the Clerk of the Court of Common Pleas for Chester County, shall remit upon the record so much of the judgment as is in excess of $1,583.33, the judgment of the lower court is reversed and a new trial granted; but if the plaintiff shall so remit, the judgment is affirmed in the amount of $1,583.33.

New trial *nisi*.

STUKES, C. J., and TAYLOR, OXNER and Moss, JJ., concur.