## 18334

Albert Dye GIBSON, Respondent, v. Patricia BROWN and Leo Hutchinson, of whom Leo Hutchinson is Appellant

(141 S. E. (2d) 653)

548

*Messrs. Hyman & Morgan* and *Peter D. Hyman,* of Florence, *for Appellant,*

*Harvey L. Golden, Esq.,* of Columbia, *for Respondent,*

April 15, 1965.

TAYLOR, Chief Justice.

This appeal arises out of an action for malicious prosecution brought by Respondent against Patricia Brown and her father, Leo Hutchinson, the Appellant herein. A demurrer to the complaint was filed on behalf of Appellant on the ground that no facts sufficient to constitute a cause of action for malicious prosecution are alleged in the complaint as to him.

The matter came to be heard before the Honorable Bruce Littlejohn, Presiding Judge of the Fifth Judicial Circuit, who, in his Order of October 13, 1964, overruled the demurrer and held that the allegations of the complaint were sufficient.

Appellant contends that the complaint is deficient in that it only alleges acts on his part subsequent to the commencement of the prosecution by his daughter of Respondent, and, therefore, fails to state a cause of action against him.

"* * * In general, to authorize the maintenance of an action for malicious prosecution, the following elements must be shown: (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of." 34 Am. Jur., Section 6, p. 706.

The complaint alleges that on approximately January 30, 1964, Patricia Brown swore out warrants against Respondent for rape and burglary, and as a result thereof, Patricia Brown advised, counseled, aided and abetted by her father caused Respondent to be arrested. It is further alleged that Respondent petitioned for bond and at the time of hearing thereon, an attorney hired by Appellant appeared in opposition thereto.

"All persons who participate in a malicious prosecution are jointly liable for the resulting injury, and joint liability for a malicious prosecution may exist without reference to the existence of any conspiracy." 34 Am. Jur., Section 83, p. 755.

"To maintain an action for malicious prosecution, the plaintiff must show that the defendant therein was responsible for the institution or continuance of the original proceedings complained of. Generally, a mere passive knowledge of,

acquiescence in, or consent to the acts of another, for which one is not otherwise responsible, is not sufficient to render the latter liable in an action for malicious prosecution; it must be shown that he was affirmatively active in instigating or participating in the prosecution." 34 Am. Jur., Section 22, p. 715. See 20 A. L. R. p. 1322.

One who does not swear out the warrant cannot be held liable in an action for malicious prosecution unless he had instituted a criminal action against plaintiff, or had caused one to be maintained or had voluntarily aided or assisted in its prosecution. *Nance v. Gall,* 187 Md. 656, 50 A. (2d) 120, 51 A. (2d) 535.

The complaint alleges that Appellant advised, counseled, aided and abetted his daughter in prosecuting the charges against Respondent, and for the purpose of demurrer, the facts alleged in the complaint are admitted.

For the foregoing reasons we are of opinion that the Order appealed from should be affirmed, and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.