0137

Albert Lee MELTON, Respondent, v. Ellon WILLIAMS, Appellant.

(314 S. E. (2d) 612)

Court of Appeals

184

*Joseph M. Fullwood*, of *Rogers, Duncan, Fullwood & Perrin*, Lexington, *for appellant.*

*W. Ray Berry*, of *Berry & Berry*, Columbia, *for respondent.*

Heard Feb. 2, 1984.

Decided April 4, 1984.

CURETON, Judge:

This is an action for malicious prosecution. After the presentation of evidence, appellant Williams moved for an involuntary non-suit and a directed verdict which were denied by the trial judge. The case was thereupon submitted to the jury which returned a verdict in favor of respondent Melton. Williams then moved for judgment notwithstanding the verdict or, in the alternative, a new trial. These motions were also denied and Williams appeals. The question presented to this court is whether the trial judge committed error in denying these motions. We affirm.

Melton leased a building from Williams. At the time the building was returned to Williams' possession, a motor was missing from an air conditioner located on the rented premises. After an investigation and with the advice of her counsel, Williams swore out a warrant for Melton's arrest charging him with the offense of grand larceny. Thereafter, Melton was arrested.

At the preliminary hearing before the same magistrate who issued the arrest warrant, the charges were dismissed for lack of probable cause. Melton then filed the instant action.

Williams asserts that the trial judge should have granted her motions because the record fails to disclose *any* evidence of maliciousness on her part and that the record is susceptible only of the conclusion that she had probable cause to swear out the warrant.

Williams correctly states in her Brief the six elements which must be shown in a malicious prosecution action. *See Gibson v. Brown*, 245 S. C. 547, 141 S. E. (2d) 653 (1965). She challenges the sufficiency of the evidence relative to the elements of malice and the lack of probable cause.

In deciding motions for nonsuit, directed verdict, judgment notwithstanding the verdict and a new trial, the evidence and all reasonable inferences which are to be

drawn from it must be viewed in the light most favorable to the nonmoving party. *Skipper v. Hartley*, 242 S. C. 221, 130 S. E. (2d) 486 (1963). If there is any testimony tending to prove the allegations of the complaint, then these motions must be refused. *Olin Mathieson Chemical Corp. v. Planters Corp.*, 236 S. C. 318, 114 S. E. (2d) 321 (1960). In our view, the evidence amply supports both the submission of the case to the jury and the verdict rendered.

Malice is defined as the intentional doing of a wrongful act without just cause or excuse. *Margolis v. Telech*, 239 S. C. 232, 122 S. E. (2d) 417 (1961). As malice may be inferred from a want of probable cause, *Parrott v. Plowden Motor Co.*, 246 S. C. 318, 143 S. E. (2d) 607 (1965), the first question for determination is whether there was evidence from which the jury could have found a want of probable cause. The determination of probable cause is ordinarily a jury matter, *Parrott v. Plowden Motor Co., supra*, unless there is a complete absence of any evidence of ill-will toward the respondent, 52 Am. Jur. (2d) *Malicious Prosecution* Section 156; then it becomes a question of law for the court. *Green v. Bolen*, 237 S. C. 1, 115 S. E. (2d) 667 (1960).

Probable cause means the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecuting witness, that the person charged was guilty of the crime for which he was prosecuted. In determining whether there was probable cause for instituting a criminal prosecution, only those facts and circumstances which were or should have been known to the prosecuting witness at the time he instituted the prosecution should be considered. *Brown v. Bailey*, 215 S. C. 175, 54 S. E. (2d) 769 (1949).

Here, there can be gleaned from the record sufficient evidence which, if believed by the jury, supports a finding of want of probable cause. Melton testified that just prior to the time the arrest warrant was issued, he advised Williams and her business partner that the motor in question had been removed to be repaired, but the motor proved to be irreparable and the repairman had discarded it. Additionally, Melton testified that Williams threatened that if he did not return the motor to her in thirty minutes, she would have him arrested. Williams admitted the telephone conversation with

Melton and also the meeting between her, Melton and her business partner, but denies Melton's version of the telephone conversation and the conference.

Assessment of the credibility of witnesses is a question for the jury, not the court, and it is the jury that decides the weight to be afforded the testimony. *Tisdale v. Kerr McGee Chemical Corp.*, 266 S. C. 64, 221 S. E. (2d) 531 (1976); *Edwards v. Great American Insurance Company*, 234 S. C. 404, 108 S. E. (2d) 582 (1959); *Geiger v. Checker Cab Company*, 229 S. C. 39, 91 S. E. (2d) 552 (1956).

Williams asserts the fact she conferred with her attorney before she swore out the arrest warrant is conclusive evidence of probable cause to believe that Melton had committed a crime. Good faith reliance upon advice of fully informed counsel may establish probable cause. *Prosser v. Parsons*, 245 S. C. 493, 141 S. E. (2d) 342 (1965); *White v. Coleman*, 277 F. Supp. 292 (D.S.C. 1967).

In order to avail herself of the defense of advice of counsel, Williams must show she sought the advice in good faith, acted thereon in good faith and believed the charge was true. 52 Am. Jur. (2d) *Malicious Prosecution* Section 77. Evidence that Williams made a fair, full and truthful disclosure of all the facts to her attorney is necessary to show good faith. *Prosser v. Parsons, supra; White v. Coleman, supra.* Moreover, consultation with an attorney is not conclusive of good faith, but is one of the circumstances to be considered by the jury in determining if Williams acted in good faith in swearing out the warrant. *China v. Seaboard Air Line Ry.*, 107 S. C. 179, 92 S. E. 335 (1917).

The record contains evidence, albeit controverted, that Williams failed to make to her attorney a full, fair and truthful disclosure of all material information on which he was to base his advice. Admittedly, she advised her attorney that there was over $1,000.00 damages to the air conditioner while Melton testified that he had advised her and her business partner that it would cost only $72.03 to replace the motor. Furthermore, Williams failed to advise her attorney that during the telephone conversation she had with Melton, he had denied that he converted the motor and other air conditioner parts to his own use. Additionally, Williams advised her attorney that Melton vacated the premises owing

her six months rent, which was contrary to Melton's testimony.[1] Finally, Melton testified he gave Williams complete information relative to the whereabouts of the motor. While denied by Williams, the jury may well have believed Melton, not Williams. The question of who to believe on these controverted facts is a question for the jury. *Tisdale v. Kerr McGee Chemical Corp., supra; Edwards v. Great American Insurance Company, supra; Geiger v. Checker Cab Company, supra.* Clearly, the jury could have believed Melton's version of these critical factual matters and, if so, the jury could have also found that Williams failed to make a full and fair disclosure to her attorney.

Under the circumstances it was for the jury to say whether or not there was probable cause for the swearing out of the warrant by Williams. It is also equally true that the testimony presented by Williams to rebut the implication of malice also created factual considerations for the jury. *Elletson v. Dixie Home Stores,* 231 S. C. 565, 99 S. E. (2d) 384 (1957). Based on these facts, we think that the trial judge committed no error in refusing Williams's motions for nonsuit, directed verdict, judgment notwithstanding the verdict and a new trial.

Accordingly, the order of the trial court is affirmed.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.

---

[1] This representation becomes material only in light of the fact that Williams' attorney testified that he considered the state of mind of Melton in leaving the premises owing six months rent as pertinent to the issue of probable cause.