0464

Sue SMITH, Respondent, v. HARRIS-TEETER
SUPERMARKETS, INC., Appellant.

(330 S. E. (2d) 316)

Court of Appeals

*Andrew K. Epting, Jr.,* of *Wise & Cole,* Charleston, *for appellant.*

*Robert N. Rosen,* of *Rosen, Oberman & Rosen,* Charleston, *for respondent.*

Heard Jan. 28, 1985.

Decided May 13, 1985.

SHAW, Judge:

Respondent Sue Smith brought this action against appellant Harris-Teeter Supermarkets, Inc., for malicious prosecution on a fraudulent check charge. The jury returned a verdict for Smith for $1000 actual and $9000 punitive damages. We affirm.

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976); *Willis v. Floyd Brace Co., Inc.* 279 S. C. 458, 309 S. E. (2d) 295, 297 (Ct. App. 1983).

On February 11, 1979, Smith paid Harris-Teeter for groceries with a $60 check. On February 24, 1979, Smith's bank returned the check marked "non-sufficient funds." There is testimony on February 26, 1979, Harris-Teeter wrote Smith her check had been refused on presentment; the same day the supermarket re-presented the check. There is testimony

on March 9, 1979, Smith drove to Harris-Teeter and offered to make the check good, but the cashier refused payment, stating the check would be redeposited. There is testimony on March 13, 1979, Harris-Teeter wrote Smith her check had been refused on representment. On October 2, 1979, Smith's bank honored the check. On February 28, 1980, Smith was served with a warrant for her arrest on a fraudulent check charge.

In its first exception[1] Harris-Teeter states the court erred in excluding evidence of other returned checks and arrest warrants. At trial Harris-Teeter proffered 56 of Smith's returned checks, bank statements showing the return of 242 checks, and three warrants for her arrest. It argues this evidence shows (1) Smith is guilty of the crime for which she was prosecuted, and (2) Smith's reputation. Although the trial judge ruled these items were inadmissible on the ground Harris-Teeter did not know about them when it started the prosecution, he allowed Smith to be examined on this evidence. We believe the court correctly excluded the evidence because "only those facts and circumstances which were or should have been known to the prosecutor at the time he instituted the prosecution should be considered." *Parrott v. Plowden Motor Co.*, 246 S. C. 318, 143 S. E. (2d) 607 (1965). However, even assuming the court erred in ruling these items inadmissible, the error was harmless in light of Smith's subsequent testimony, for "[a]lleged error in the exclusion of offered testimony is of no avail if the same testimony or testimony to the same effect had been or was afterwards allowed to be given by the witness." *Smith v. Winningham*, 252 S. C. 462, 166 S. E. (2d) 825 (1969).

In its second exception Harris-Teeter states the trial court erred in not ruling it was entitled to a rebutta-

---

[1] Harris-Teeter's first, second and third exceptions violate Supreme Court Rule 4 § 6 because they are too general; nevertheless, we consider them because they are reasonably clear from the argument. *Ramage v. Ramage*, — S. C. —, 322 S. E. (2d) 22 (Ct. App. 1984). Harris-Teeter's fourth exception states the court erred in not ruling the prosecution was instituted without malice. We refuse to consider this exception not only because it is too general, but also because it is not argued in the brief and is therefore deemed abandoned under Rule 8, § 2. *Gasque v. Heublein, Inc.*, 281 S. C. 278, 315 S. E. (2d) 556 (Ct. App. 1984).

ble presumption the prosecution was instituted for reasonable and probable cause under S. C. Code Ann. § 34-11-70 (1976). In early 1979 this statute read in part:

> When the person instituting prosecution gives notice as provided by this section and sends a copy of the notice to the person and the bank upon which the instrument was drawn and waits ten days after mailing such notices before instituting the criminal proceedings, there shall arise a rebuttable presumption that the prosecution was instituted for reasonable and probable cause.

We hold the court correctly charged this presumption; it stated:

> Now, when the person who ... is instituting the prosecution ... gives that notice by mailing that notice, whether or not it's received ... and waits ten days after mailing that notice before instituting criminal prosecution by taking out a warrant, then there arrives [sic] what the law calls a rebuttable presumption that the prosecution was instituted for reasonable and probable cause.

In its third exception Harris-Teeter states the trial court erred in not ruling as a matter of law the prosecution was instituted for reasonable and probable cause. The supermarket argues (1) it presented sufficient evidence of mailing notice to trigger the presumption, and (2) Smith presented no evidence to rebut the presumption. Harris-Teeter produced copies of the letters notifying Smith her check had been refused on presentment and re-presentment. However, there was no direct evidence they mailed the letters and Smith denied receiving them. Under these circumstances it was for the jury to determine whether notice was mailed. *See Melton v. Williams*, 281 S. C. 182, 314 S. E. (2d) 612 (Ct. App. 1984). Therefore, the court correctly declined to make a ruling as a matter of law.

Affirmed.

CURETON, J., concurs in result only.

GOOLSBY, J., concurs in result only with concurring opinion.

GOOLSBY, Judge (concurring):

I concur with the result reached by Judge Shaw in his opinion and I agree with his conclusion that we should treat Harris-Teeter's first three exceptions. *Baker v. Weaver*, 279 S. C. 479, 309 S. E. (2d) 770 (Ct. App. 1983).

If the refusal of the trial judge to admit in evidence the three arrest warrants, the bank statements, and the returned checks constituted error, I also agree it was, at most, harmless error. I do not agree, however with Judge Shaw's statement that *Parrott v. Plowden Motor Co.*, 246 S. C. 318, 143 S. E.(2d) 607 (1965), required the trial judge to exclude the evidence.

*Parrott* does not limit in every case the proof regarding probable cause to "only those facts and circumstances which were known or should have been known to the prosecutor at the time he instituted the prosecution." 246 S. C. at 322, 143 S. E. (2d) 609. Irrespective of the questions of malice and want of probable cause, the plaintiff's guilt is a complete defense to an action for malicious prosecution except where the innocence of the plaintiff in the malicious prosecution either is conceded or is not challenged. 54 C. J. S. *Malicious Prosecution* § 30c at 991 (1948); *Id.* § 74 at 1039. Here, the respondent Sue Smith's innocence was not conceded. Indeed, Harris-Teeter expressly challenged it.