0737

Samuel MILHOUSE, Appellant v. FOOD LION, INC., Respondent.

(345 S. E. (2d) 739)

Court of Appeals

*Robert C. Ashley*, of *Kneece, Kneece, Ashley, Gibbons & Kneece*, Columbia, *for appellant.*

*Samuel F. Painter*, of *Nexsen, Pruet, Jacobs & Pollard*, Columbia, *for respondent.*

Heard April 15, 1986.

Decided June 23, 1986.

SHAW, Judge:

This is an action for malicious prosecution. At trial two cases were joined, however, only appellant Samuel Milhouse remains. He appeals the granting of a directed verdict for respondent Food Lion, Inc. We reverse and remand.

In deciding a motion for a directed verdict, a trial judge must view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party (Milhouse). If any testimony tends to prove the complaint's allegations, the motion must be refused. *Melton v. Williams*, 281 S. C. 182, 314 S. E. (2d) 612 (Ct. App. 1984).

The *Melton* court stated "the determination of probable cause is ordinarily a jury matter ... unless there is a complete absence of any evidence of ill-will toward ... [Milhouse]." 314 S. E. (2d) 612, 614 (Ct. App. 1984).

The sole question of this appeal is whether there is any evidence from which the jury could have found a lack of probable cause for the arrest of Mr. Milhouse. We hold there is such evidence in the record.

On or about May 8, 1983, Samuel Milhouse and Dorothy Hawkins went to a Time-Saver store to purchase cigarettes and radio batteries. Both purchased a package of cigarettes. However, they proceeded to Food Lion, Inc. to purchase batteries. While in Food Lion, Mr. Milhouse picked up two packages of radio batteries. Ms. Hawkins picked up a candy bar and a brownie and handed them to Mr. Milhouse to purchase. The cigarettes and money were in her skirt pocket. She reached into her pocket to get money to give to Milhouse and while doing so placed the cigarettes in her mouth to free her hands. However, Mr. Milhouse paid for all items. They left the store. They paused in front of Food Lion to insert the radio batteries. As they were doing this a cashier came out of the store and asked Ms. Hawkins if she had paid for the cigarettes. The cashier was told she purchased the cigarettes at Time-Saver. The cashier went back into the store. Shortly thereafter, Mr. Dooley, the manager of Food Lion, came out of the store and asked Ms. Hawkins if she purchased the cigarettes from Food Lion. She told him she had not. She produced the cigarettes from her pocket and the manager snatched them from her, returned to the store and locked the door. Ms. Hawkins became angry and called the Columbia City Police. The police questioned Ms. Hawkins and then Mr. Dooley. They then advised her she would go to jail for shoplifting cigarettes.

Meanwhile, Mr. Milhouse was waiting outside. An officer told him to step into the store and when he entered the store he was handcuffed and arrested for shoplifting. Milhouse was booked, fingerprinted, photographed, and spent almost a week in jail. At his subsequent trial for the shoplifting offense, he was found not guilty of shoplifting.

Milhouse and Hawkins filed suits for malicious prosecution. The cases were joined for trial and at the close of the testimony, Food Lion moved for and received a directed verdict in both cases. Ms. Hawkins did not appeal.

The manager testified he observed Milhouse pick up a package of cigarettes and give them to Hawkins who placed

them in her pocket. Milhouse denied picking up any merchandise and handing it to Hawkins. Both Milhouse and Hawkins testified Hawkins took the cigarettes out of her pocket to get money to give to Milhouse.

Obviously, if the jury believed Hawkins and Milhouse, the manager could not have seen Milhouse pick up the cigarettes. When such disparate testimony is given at trial, the jury should be allowed to decide who to believe. *Melton*, 314 S. E. (2d) 612 (Ct. App. 1984). Therefore, we hold the trial judge erred in directing a verdict for Food Lion.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.