865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dina Calderazzo STILL, Plaintiff-Appellee,
v.
K-MART CORPORATION, Defendant-Appellant.
 No. 87-2204.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1988.
Decided: Dec. 9, 1988.
 
 Matthew Holmes Henrikson (Robert A. Patterson, Barnwell, Whaley, Patterson & Helms, on brief), for appellant.
 Robert B. Wallace (Paul E. Tinkler, Wallace and Tinkler, Auburn J. Bridge, Bridge & Jackson, on brief), for appellee.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and JACKSON L. KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 K-Mart Corporation appeals from the district court's denial of its motion for a new trial. We affirm.
 
 
 2
 * The plaintiff, Dina Still, was shopping at K-Mart when she was approached by one of K-Mart's security guards and accused of taking the price sticker from a lower priced item and placing it on the item she intended to purchase. Despite Still's denial, the K-Mart security guard escorted her to a back room in the K-Mart store where she waited until police came and arrested her. K-Mart pressed charges; Still was tried for shoplifting and acquitted. Still then brought this action against K-Mart for false arrest and malicious prosecution. The jury awarded Still $30,000 in actual damages and $180,000 in punitive damages.
 
 II
 
 3
 K-Mart asserts that the district court abused its discretion because it refused to grant K-Mart's motion in spite of the fact that it observed it would not have awarded Still as much money as the jury did. The court expressed doubt about whether it would have awarded Still any money.
 
 
 4
 We stated in Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4th Cir.1941), that a trial judge may set aside a verdict and grant a new trial if he believes that the verdict is against the clear weight of the evidence, or is based on false evidence or will result in injustice. 122 F.2d at 352. Whether a trial judge grants or denies a motion for a new trial rests in his sound discretion. His decision is "unreviewable upon appeal, save in the most exceptional circumstances." 122 F.2d at 354.
 
 
 5
 Here, although the trial judge disagreed with the jury's verdict, he stated:
 
 
 6
 I think there was an abundance of evidence in the record to support the verdict. It doesn't appear to me contrary to the clear weight of the evidence. It doesn't shock my conscience. It doesn't infringe on justice in this case and I just can't see where the verdict itself would require that I grant a new trial.
 
 
 7
 We find no abuse of discretion in the trial judge's ruling. This case essentially turned on the credibility of Still and K-Mart's security guard. The jury chose to believe Still and the trial court properly ruled that the jury's choice did not conflict with the clear weight of evidence or basic principles of justice. No exceptional circumstance warrants reversal of the trial judge's denial of the motion for a new trial.
 
 III
 
 8
 K-Mart also assigns error to the district court's admission of the testimony of two of Still's witnesses. K-Mart called Mrs. Hall who testified that she had seen Still attempt to substitute price stickers in another department store. Still called two witnesses for the purpose of showing Hall's bias against Still. Still's two witnesses testified that Hall's son was forced to resign from his job because Still's mother notified his employer of suspected dishonest activities. The suggested inference was that Hall knew of this episode and developed an animosity toward Still's mother which extended to Still. Hall denied knowledge of the incident.
 
 
 9
 K-Mart contends that the court should have excluded this testimony under Federal Rule of Evidence 403 because the jury could have been confused and prejudiced by the testimony since Still did not prove that Hall knew of the episode involving her son's resignation and Hall could therefore not be biased against Still. K-Mart also urges that admission of the two witnesses' testimony turned the trial into a "mini-trial" on the issue of whether Hall's son did engage in dishonest activities.
 
 
 10
 Extrinsic evidence of bias or facts from which it may be inferred may be introduced even after the witness has denied the bias or the facts. 3 D. Louisell & C. Mueller, Federal Evidence Sec. 341 (1979). K-Mart invited the rebuttal testimony by calling Hall as a witness, and Still was entitled to attempt to impeach Hall's credibility by showing bias. Hall's denial of knowledge about the circumstances of her son's job resignation did not bar the jury from inferring from the close family relationship that she did know about them. We find no abuse of discretion in the district court's admission of the rebuttal testimony.
 
 IV
 
 11
 Finally, K-Mart argues that the district court erred in submitting to the jury the question whether the K-Mart security guard bore malice against Still. K-Mart asserts that there was no evidence that its security guard bore any ill-will toward Still and that the district court should not have submitted the malice question to the jury. K-Mart contends that the jury's finding of malice lacked evidentiary support.
 
 
 12
 In South Carolina, lack of probable cause to make an arrest and malice are essential elements of a malicious prosecution cause of action. Gibson v. Brown, 245 S.C. 547, 141 S.E.2d 653 (1965). Malice may be inferred from a lack of probable cause. Melton v. Williams, 281 S.C. 182, 314 S.E.2d 612, 614 (S.C.App.1984). If there is a complete absence of evidence of ill-will toward the plaintiff, the question of probable cause is for the court. But when the existence of probable cause depends on the credibility of witnesses, the question of probable cause is for the jury. Melton, 281 S.C. at 186-87, 314 S.E.2d at 614-15.
 
 
 13
 As we noted earlier, this case rested on the credibility of each side's witnesses. K-Mart's security guard testified that he saw Still substitute price stickers. Still presented her own testimony as well as that of a corroborating witness that she did not change prices. Moreover, Still presented evidence that K-Mart's security guard's story was inherently incredible. The security guard testified that Still took the price off the exterior of a plastic jug. Still showed that the price stickers were on the interior of the jugs in question. Still also introduced evidence showing that K-Mart frequently placed different price stickers on identical items.
 
 
 14
 If the jury believed Still's evidence, it could reasonably conclude that K-Mart's security guard lacked probable cause to detain Still for arrest. The jury could then permissibly infer malice from this lack of probable cause.
 
 
 15
 K-Mart's suggestion that Still was required to prove specific ill-will is untenable. Where the parties have had no previous contact with one another, as is the usual case where a store security guard apprehends a customer, the subjective motivation of the security guard will nearly always be impossible to ascertain. To require the customer to prove in a malicious prosecution action that the security guard bore the customer specific ill-will would be to eviscerate the cause of action. South Carolina requires only a lack of probable cause to support an inference of malice.
 
 
 16
 AFFIRMED.