THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Leroy Canzater,       
Appellant,
 
 
 

v.

 
 
 
City of Columbia,       
Respondent.
 
 
 

Appeal From Richland County
James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2004-UP-054
Submitted January 12, 2004  Filed January 
 22, 2004

AFFIRMED IN PART, REVERSED IN PART AND REMANDED

 
 
 
Dwight Christopher Moore, of Sumter, for Appellant.
W. Allen Nickles, III, and Carl L. Solomon, both of Columbia, for Respondent.
 
 
 

PER CURIAM: In this action for malicious 
 prosecution, false imprisonment, and bad faith termination, Leroy Canzater asserts 
 the trial court erred in dismissing the false imprisonment and bad faith termination 
 causes of action as barred by the statute of limitations and in ruling that 
 an arrest warrant conclusively barred an action for 
 malicious prosecution.  We affirm in part and reverse in part. 
FACTS
The City of Columbia (the City) employed 
 Canzater in the Wastewater Maintenance Division.  Believing that Canzater had 
 for more than a year knowingly received overtime payments from the City in excess 
 of the hours actually worked, the City terminated his employment and sought 
 warrants for his arrest.  On December 2, 1998, a grand jury indicted Canzater 
 for grand larceny.  The court issued a warrant for his arrest.  Canzater was 
 arrested the following day.  On May 4, 1999, Canzater was again arrested and 
 indicted, this time on charges of conspiracy to commit embezzlement in connection 
 with the overtime payments. 
The circuit court dismissed all charges against 
 Canzater on September 22, 2000.  Thereafter, on November 5, 2001, Canzater initiated 
 the instant action against the City.  He asserted claims for false imprisonment, 
 malicious prosecution, and bad faith termination.  In his complaint, Canzater 
 alleges the City pursued the prosecution against him without probable cause 
 and without conducting a proper investigation to determine whether he engaged 
 in the alleged criminal conduct. 
The trial court granted the Citys motion to dismiss 
 all three counts pursuant to Rule 12(b)(6), SCRCP.  Specifically, the court 
 ruled that Canzaters claims for false imprisonment and bad faith termination 
 were barred by the statute of limitations and the malicious prosecution claim 
 failed as a matter of law because the existence of probable cause was established 
 by the issuance of arrest warrants.  This appeal followed.
LAW/ANALYSIS
 I.  False Imprisonment
 Canzater contends the trial court erred in holding 
 his false imprisonment action was barred by the statute of limitations because 
 the two-year statutory period did not begin to run until the charges against 
 him were dismissed.  We disagree.
 S.C. Code Ann. § 15-3-550 (Supp. 2002)
  provides 
 that the statute of limitations for a false imprisonment claim is two years.  
 
 We embrace the rule adopted by other jurisdictions 
 that the statute of limitations for false imprisonment begins to run when 
 the plaintiff is released following an arrest.  Campbell v. Hyatt Regency, 
 388 S.E.2d 341, 342 (Ga. Ct. App. 1989)  (An 
 action for false imprisonment must be brought within two years of its accrual 
 . . . which is from the release from imprisonment. ); Stafford v. Muster, 
 582 S.W.2d 670, 680 (Mo. 1979)  ([F]or false 
 imprisonment in particular, the authorities overwhelmingly hold that a cause 
 of action for false imprisonment accrues on the discharge from imprisonment.); 
 M.C. Dransfield, When Statute of Limitations Begins to Run Against Action 
 for False Imprisonment or False Arrest, 49 A.L.R.2d 922 (1956)  (stating 
 the general rule is that the statute of limitations for false imprisonment 
 begins to run from the termination of the imprisonment and not from the time 
 when the proceedings under which the plaintiffs arrest occurred ended . . 
 . .); see Miller v. Dickert, 259 S.C. 1, 3, 190 S.E.2d 459, 
 460 (1972)  (noting that both parties conceded the 
 cause of action in a false imprisonment case accrued from the time of the 
 arrest); 8 S.C. Juris. False Imprisonment § 17 (1991).
 Following the return of indictments charging 
 Canzater with larceny and conspiracy to commit embezzlement, two different 
 circuit judges issued warrants for his arrest on December 3, 1998, and May 
 12, 1999, respectively.  According to the complaint, Canzater was released 
 from custody on his own recognizance after each arrest.  Using these two dates 
 as the dates of his discharge from imprisonment, it is clear that an action 
 brought on November 5, 2001 fails to satisfy the two-year statute of limitations. 
 
 II. 
 Bad Faith Termination
 
 
 
 Canzater also asserts the trial 
 court erred in barring his cause of action for bad faith termination under 
 the statute of limitations.  Specifically, Canzater argues his claim of bad 
 faith termination is a contract claim rather than a tort claim and therefore 
 beyond the scope of the South Carolina Torts Claims Acts two-year statute 
 of limitations.  
 
 Canzater did not raise this issue to the trial 
 court and the trial court did not rule upon it.  We therefore decline to address 
 it.  See Holy Loch Distribs., Inc. v. Hitchcock, 340 S.C. 20, 
 24, 531 S.E.2d 282, 284 (2000)  (In order to preserve 
 an issue for appellate review, the issue must have been raised to and ruled 
 upon by the trial court.) .  
 III. 
 Malicious Prosecution 
 Canzater contends the trial court erred in granting 
 the Citys motion to dismiss and determining the existence of an arrest warrant 
 conclusively establishes probable cause for prosecution.  We agree.
 A ruling on a 12(b)(6) motion to dismiss must be 
 based solely upon the allegations set forth on the face of the complaint and 
 the motion cannot be sustained if facts alleged and inferences reasonably 
 deducible therefrom would entitle the plaintiff to any relief on any theory 
 of the case.  Toussaint v. Ham, 292 S.C. 415, 416, 357 S.E.2d 8, 9 
 (1987).
 Although South Carolina has long embraced the 
 rule that a true bill of indictment is prima facie evidence of probable cause 
 in an action for malicious prosecution, Kinton v. Mobile Home Indus., 
 Inc., 274 S.C. 179, 182, 262 S.E.2d 727, 728 (1980) , 
 it is only prima facie evidence and not conclusive.  See 54 C.J.S. 
 Malicious Prosecution § 34 at 555 (1987) (stating that where the result 
 of the preliminary examination before a magistrate or other judicial officer 
 is unfavorable to the accused, and he is held, or committed . . . this is 
 prima facie evidence of probable cause, but not conclusive.).  
 In Melton v. Williams, 281 S.C. 182, 
 314 S.E.2d 612 (Ct. App. 1984) , we concluded 
 that, even though an arrest warrant was issued, [u]nder the circumstances 
 it was for the jury to say whether or not there was probable cause for the 
 swearing out of the warrant by Williams. Id. at 187 , 314 S.E.2d at 
 615 ; see also Parrott v. Plowden Motor Co., 246 S.C. 318, 323, 
 143 S.E.2d 607, 609 (1965) ; Millhouse v. Food 
 Lion, Inc., 289 S.C. 203, 203, 345 S.E.2d 739, 739 (Ct. App. 1986) ; 
 cf. Gist v. Berkley County Sheriffs Dept, 336 S.C. 611, 616, 
 521 S.E.2d 163, 165 (Ct. App. 1999)  (finding 
 error in a trial courts grant of summary judgment in an action for false 
 imprisonment because the arrest warrant was insufficient and did not establish 
 probable cause).
 The trial court, therefore, erred in dismissing 
 Canzaters claim for malicious prosecution because the existence of an arrest 
 warrant does not conclusively establish probable cause for prosecution.  
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 GOOLSBY and ANDERSON, JJ., and CURETON, A.J., 
 concur.