THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT 
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Michael Alakhwan,       
Respondent,
 
 
 

v.

 
 
 
Beth Simmons,       
Appellant.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge

Memorandum Opinion No. 2004-MO-012
Heard March 17, 2004 - Filed April 5, 
 2004

AFFIRMED

 
 
 
Richard R. Gleissner and Robert Phillips, both of Finkel & Altman, LLC, 
 of Columbia; and Robert C. Wilson, Jr., of Greenville, for appellant.
Andrew C. Barr, of Fulton & Barr, P.A., of Greenville; and Desa Ballard 
 and Jason B. Buffkin, both of Law Offices of Desa Ballard, of West Columbia, 
 for respondent.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(1), SCACR, and the following 
 authorities:  Issues 1 and 2:  McKenney v. Jack Eckerd Co., 304 
 S.C. 21, 402 S.E.2d 887 (1991) (where accused establishes charge was nolle 
 prossed for reasons that imply or are consistent with innocence, an action 
 for malicious prosecution may be maintained); Eaves v. Broad River Elec. 
 Co-op., Inc., 277 S.C. 475, 289 S.E.2d 414 (1982) (elements of malicious 
 prosecution); Whitner v. Duke Power Co., 277 S.C. 397, 288 S.E.2d 389 
 (1982) (probable cause in malicious prosecution context does not turn upon plaintiffs 
 guilt or innocence, but rather upon whether facts within prosecutors knowledge 
 would lead reasonable person to believe plaintiff was guilty of crime charged); 
 Parrott v. Plowden Motor Co., 246 S.C. 318, 143 S.E.2d 607 (1965) (malice 
 may be inferred from want of probable cause); Issue 3:  Gibson v. 
 Brown, 245 S.C. 547, 141 S.E.2d 653 (1965) (one who does not swear out warrant 
 cannot be held liable in malicious prosecution action unless he had instituted 
 criminal action against plaintiff, or had caused one to be maintained, or had 
 voluntarily aided or assisted in its prosecution); Issue 4:  McCourt 
 ex rel McCourt v. Abernathy, 318 S.C. 301, 457 S.E.2d 603 (1995) (to warrant 
 reversal for refusal to give requested instruction, refusal must have not only 
 been erroneous, but prejudicial as well); Issue 5:  Pelican Bldg. 
 Centers of Horry-Georgetown, Inc. v. Dutton, 311 S.C. 56, 427 S.E.2d 673 
 (1993) (motion for new trial on ground of excessiveness of verdict is in trial 
 courts discretion and will not be overturned absent error of law); Gamble 
 v. Stevenson, 305 S.C. 104, 406 S.E.2d 350 (1991) (factors to be used when 
 conducting review of punitive damages award).
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.