17651

OLIN MATHIESON CHEMICAL CORPORATION, Plaintiff-Respondent, v. PLANTERS CORPORATION, John K. Massey, James P. McAlpine, and T. L. Benson and R. G. Horton, as Trustees for Planters Corporation, Defendants, of whom John K. Massey is Appellant.

(114 S. E. (2d) 321)

*Messrs. Burroughs & Green* and *Suggs & McCutcheon,* of Conway, *for Appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for Respondent,*

May 4, 1960.

Moss, Justice.

It appears from the record in this case that Olin Mathieson Chemical Corporation, the respondent herein, did, on February 17, 1956, enter into a written contract with Planters Corporation of Conway, South Carolina, wherein such corporation was appointed a dealer to sell irrigation equipment furnished by the respondent. It was agreed that such irrigation equipment would be shipped to the corporation on consignment and legal title thereto was retained by the respondent. The contract also provided that Planters Corporation would have the right to sell said equipment and the proceeds derived from such sales was to be deemed the property of, and to be held in trust by Planters Corporation, for the account of the respondent.

The complaint alleges that pursuant to the terms of the aforementioned contract, the respondent furnished to Planters Corporation numerous items of equipment, and that the said corporation disposed of all the said equipment furnished by the respondent and did not pay over the proceeds from the sale of said equipment to the respondent. It is further alleged that Planters Corporation was duly organized as such under the laws of South Carolina, and that James P. McAlpine and John K. Massey are the sole directors and stockholders thereof, with McAlpine serving as president, and Massey as vice-president, secretary and treasurer. The complaint further alleges that Massey and McAlpine, as officers, directors and stockholders, did willfully and negligently handle and intermingle the funds received from the sale of the consigned equipment, which belonged to the respondent, with the funds of the corporation, and did use such for the benefit thereof. It further appears that Planters Corporation did, on February 2, 1957, pursuant to Section 57-351 *et seq.*, 1952 Code of Laws of South Carolina, make an assignment to T. L. Benson, in trust, for the benefit of its creditors. This assignment was executed on behalf of Planters Corporation by James P. McAlpine, President, and by John K. Massey, as Secretary. It further appears that R. G. Horton was elected as agent of the creditors.

This action was instituted by the respondent against the Planters Corporation, John K. Massey, James P. McAlpine, and T. L. Benson and R. G. Horton, as trustees for said corporation. As to the defendants Benson and Horton, it was alleged that the corporation had made an assignment for the benefit of the creditors and the trustees appointed in connection therewith had refused to make payment of the claim of the respondent. As is heretofore stated, the complaint alleges a sale by the respondent of irrigation equipment to the corporation, on consignment, the disposition thereof by the corporation and its failure to make payment for said equipment, or to comply with the provisions of the consignment agreement. The respondent sought to

hold McAlpine and Massey personally liable on the ground that they were the sole stockholders, officers and directors of Planters Corporation, and had willfully and negligently handled the funds received from the sale of the consigned equipment, and had intermingled said funds so received with general corporation funds, and had disbursed it as such.

All of the defendants filed answers in the action. In order to dispose of this appeal, it is only necessary to refer to the answer of John K. Massey, the appellant herein. He admitted that he was a stockholder and director of Planters Corporation, and was vice-president, secretary and treasurer thereof. He alleges that he did not know of the contract or agreement made by McAlpine, the president of the corporaction, with the respondent. He asserts that the management and operation of Planters Corporation was handled by James P. McAlpine, the president thereof. He further asserts that he was not guilty of negligence or willfullness in permitting McAlpine to manage and operate the business. He further answered that at no time did he negligently and willfully handle or intermingle any of the funds derived from the sale of the consigned property with the funds of the corporation. He asserts that he is not personally liable to the respondent.

This case came on for trial before the Honorable Claude M. Epps, Judge of the Civil Court of Horry County, and a jury. At the conclusion of the evidence in behalf of the respondent, a verdict was directed in favor of T. L. Benson and R. G. Horton, as trustees for the corporation. The issue of punitive damages was eliminated by the trial Judge. The defendants offered no testimony. A motion was made by all other defendants for a directed verdict. As to John K. Massey, the appellant herein, a motion for a directed verdict was made on the ground that the evidence was insufficient to establish negligence or dereliction of duty on his part in handling or intermingling the funds of the respondent with the funds of Planters Corporation, so as to render him personally liable therefor. The respondent moved for the direction of a verdict in its favor against Planters Corpor-

ation, Massey and McAlpine. A verdict was directed in favor of the respondent against Planters Corporation and McAlpine for $2,054.33, being the amount due by the corporation upon the consignment contract. The Court refused the motion of John K. Massey, the appellat herein, and also the motion of the respondent for a directed verdict against him. The trial Judge submitted to the jury the issue of whether the appellant, John K. Massey, had been guilty of negligence in the handling of the funds that represented the sale of the property that was consigned to the corporation by the respondent. The jury returned a verdict in favor of the respondent against the appellant. Thereafter, the appellant moved for judgment *non obstante verdicto,* and in the alternative for a new trial, on the ground that there was no evidence requiring the submission to the jury the issue of the negligence of the appellant or his personal liability to the respondent. This motion was refused and this appeal followed.

The first question for determination is whether there was error on the part of the trial Judge in refusing to hold that the respondent had failed to show that the appellant was guilty of negligence or mismanagement of the funds derived from the sale of the consigned equipment. The appellant asserts that the evidence was insufficient to establish negligence or dereliction of duty on his part in intermingling of the funds received from the sale of the consigned equipment with the funds of Planters Corporation.

Planters Corporation was chartered in January, 1953. James P. McAlpine and John K. Massey were the sole stockholders, directors and officers thereof. It was thus a "close corporation" in the popular sense of that term. *Industrial Equipment Co. v. Montague,* 224 S. C. 510, 80 S. E. (2d) 114.

The consignment contract entered into by the respondent with Planters Corporation was executed on behalf of the corporation by James P. McAlpine, its president. The answer of the appellant does not question

the validity of such contract, nor does he assert that the president had no authority to enter into the said contract and, thereby, bind the corporation. By his answer, he asserts that he did not know of the contract nor did he personally have any part in making same. The appellant asserts that the management and operation of the business of the corporation was handled by James P. McAlpine. It thus appears that McAlpine, the president of the corporation, was its chief executive officer and active manager of the business. The contract made by him for Planters Corporation with the respondent was valid and binding.

It is an admitted fact that Planters Corporation sold the consigned equipment, collected the sales price thereof, and intermingled such funds with the funds of the corporation. It is also an admitted fact the Planters Corporation never paid over the funds received for the sale of the consigned equipment to the respondent. The record also shows that at the time the Planters Corporation made an assignment for the benefit of its creditors, that it had sold all of the respondent's equipment held on consignment and had no moneys on hand or in the bank at the time of such assignment, and that all of its funds, including the trust fund belonging to the respondent, had been disbursed by, and in behalf of, Planters Corporation.

It appears from the evidence that the district manager of the respondent went to Conway in December, 1957, to discuss with McAlpine and Massey the account here involved. He testified that McAlpine admitted that the consigned equipment had been sold and that the funds derived from such sales should have been turned over to the respondent. We quote from the testimony:

"Q. Did Mr. McAlpine state that he hadn't paid it? A. Yes, but he wanted to make arrangements.

"Q. Did you go into a discussion of the contract? A. Yes.

"Q. Did he understand it? A. He agreed that the stuff was on consignment and he should have handled it differently, and turned over what he got for it to us.

"Q. Did Mr. Massey look at it? A. I don't remember, but he was there.

"Q. He heard you all discuss it? A. Yes.

"Q. Did he indicate what he had done with the funds? A. Used them in the business. He just said it was sold."

Upon cross examination, the following testimony was given:

"Q Didn't Mr. Massey tell you at that time he didn't know anything about this matter? A. He indicated that he didn't know as much as Mr. McAlpine.

"Q. You never had any dealing with Mr. Massey? A. No.

"Q. And you and your lawyer were in the office at New Planters? A. The same office.

"Q. Isn't it a fact that Mr. Massey told you at that time, that he had constantly put his own funds in it and wasn't putting any more? A. Yes.

"Q. There's no question about that? A. No question about him telling me.

"Q. Didn't he tell you he didn't feel morally or legally responsible personally? A. I wouldn't say he worded it like that. He led me to believe that he didn't want to put anything more in it.

"Q. And that was sometime after all this difficulty had come about? Your stuff had been sold? A. Yes."

The evidence shows that when Planters Corporation made an assignment for the benefit of the creditors, that the appellant executed such assignment as secretary of the Corporation. It thus appears that the appellant performed a duty, as secretary, for the corporation.

It is further revealed by the testimony that the appellant stated to J. C. Cook, an agent of the respondent, that he had constantly put his own funds into Planters Corporation and wasn't putting up any more money.

It was also testified by T. L. Benson, one of the trustees of Planters Corporation, that after the assignment for the

326

benefit of the creditors was executed that he made a complete inventory of all merchandise, accounts and notes receivable, and made up a list of the creditors. In this he had the assistance of an auditor who had been employed by the appellant. There was offered in evidence a balance sheet showing the assets and liabilities of the corporation. Under liabilities there was shown "Consigned merchandise sold and unpaid which is a figure of $2,969.43 including O. Mathieson $2,054.33." This witness testified that he was certain that he showed this statement to the appellant and he did not complain that such statement was wrong. He also testified that a copy of this statement was given to the appellant and he made no corrections thereon. He also testified that the corporation was indebted to the appellant personally in the amount of approximately $3,000.00, and to Massey-Hite Co., Inc., in the approximate amount of $10,000.00, a corporation managed by the appellant and located next door to Planters Corporation. He further testified that a certain note of the corporation due to one Clyde Booth in the amount of $10,650.00, and a note of the corporation due to Peoples National Bank in the approximate sum of $5,-800.00, were paid by the appellant. This witness said he didn't know whether the appellant had endorsed these notes or not. This testimony indicates that the appellant was informed of the corporation's financial condition and was involved in its financial arrangement.

The undisputed evidence shows that the appellant ■■ was treasurer of Planters Corporation. Ordinarily, the treasurer is the custodian of the funds of the corporation, and its disbursing officer. The treasurer of a corporation holds the corporate funds in trust for the benefit of the corporation, and for such others as the corporation has obligated itself to act in a trust relationship. If funds belonging to the respondent were paid into the treasury of the corporation, in trust, it was the duty of the treasurer of such corporation to pay such out to the respondent. In the absence of any testimony to the contrary by the appellant,

we will assume that the appellant, as treasurer of Planters Corporation, exercised the usual duties devolving upon the treasurer of a corporation. The usual duties assigned to the treasurer of a corporation include the receipt of all funds due and payable to the corporation, and the proper disbursement of such funds so received.

The appellant asserts that he is not liable to the respondent because he was not guilty of negligence or dereliction of duty in connection with the handling or intermingling of the funds of the respondent with the funds of Planters Corporation. He asserts that the corporation was managed by McAlpine and that he had no notice or reason to believe that McAlpine was improperly handling funds of the respondent. The appellant asserts error on the part of the trial Judge in refusing his motion for a directed verdict and judgment *non obstante veredicto,* and, alternatively for a new trial, on the ground that the evidence was insufficient to establish negligence on his part.

It is well settled, in passing upon motions for a directed verdict or judgment *non obstante veredicto,* and, alternatively for a new trial, that the testimony and all inferences therefrom must be taken most strongly against the appellant, and considered in the light most favorable to the respondent; and if there is any testimony tending to prove the allegations of the complaint, the motions should be refused. *Hunter v. Dixie Home Stores,* 232 S. C. 139, 101 S. E. (2d) 262. We have likewise held that if more than one reasonable inference can be drawn from the testimony, or if the inferences to be drawn therefrom are in doubt, the case should be submitted to the jury. *Lynch v. Pee Dee Express, Inc.,* 204 S. C. 537, 30 S. E. (2d) 449.

When the appellant accepted the position of vicepresident, secretary, treasurer and director of Planters Corporation, he contracted to give diligent attention to the business of the corporation and to be faithful in the discharge of the duties which the positions imposed

upon him. The appellant, as treasurer of Planters Corporation, in accepting such office, obligated himself, and assumed the responsibility for the receiving of all moneys due and payable to the corporation, and properly disbursing same. If he failed in his duty, he was, at least, guilty of negligence. What constitutes a proper performance of the duties of an officer of a corporation is a question of fact, to be determined in each case under the evidence.

The degree of care required of an officer of a corporation depends upon the subject to which it is applied, and each case has to be determined in view of all the circumstances. An officer or director of a corporation cannot be held responsible for losses resulting from the wrongful acts or omissions of other officers or directors unless the loss is a consequence of his own neglect of duty in failing to supervise the business with the degree of care which ordinarily prudent and diligent men would exercise under similar circumstances. What may be negligence in one case may not be want of ordinary care in another, and the question of negligence is, therefore, ultimately a question of fact. An officer of a corporation will not be shielded from liability because of a want of knowledge of wrongdoing of another officer if that ignorance is the result of such officer's negligence and inattention to the business. Cf. *Briggs v. Spaulding,* 141 U. S. 132, 11 S. Ct. 924, 35 L. Ed. 662. *Besselieu, et al. v. Brown, et al.,* 177 N. C. 65, 97 S. E. 743, 2 A. L. R. 862.

In the case of *Peruvian Guano Corp. v. Thompson, et al.,* 112 S. C. 377, 99 S. E. 808, this Court held that the managing officers of a corporation, who signed on its behalf a contract for the sale of plaintiff's fertilizer, whereby it agreed to hold in trust and turn over to plaintiff the cash proceeds and notes received for such sales, but instead treated the proceeds as ordinary receipts of the corporation, are personally liable therefor to the plaintiff after bankruptcy of the corporation.

In the case of *Virginia-Carolina Chemical Co. v. Ehrich*, D. C., 230 F. 1005, it was held that the directors of a corporation were not personally liable on the theory of negligence for misappropriation by the corporation and its officers of trust moneys arising from the sale of plaintiff's merchandise by the corporation under a contract by which the title to the merchandise before sale and the title to the proceeds or accounts receivable was to be in the plaintiff, they having no personal knowledge of the corporate activities and having no active part in such activities, and their failure to discharge some of their duties as directors not having affected or resulted in the loss sustained by the plaintiff. However, the president and secretary of the corporation which held funds in trust for, and as agent of, the plaintiff for which it acted as sales agent, were held personally liable for such funds, where they collected the same, deposited them in a bank to the credit of their corporation, and later checked them out for the benefit of the corporation.

In our opinion, the testimony offered by the respondent was such as to require the submission to the jury by the trial Judge of the issue of the negligence of the appellant. There was evidence from which the jury could find that the appellant was actively engaged in the management of the Planters Corporation and was personally responsible for the intermingling of the trust funds belonging to the respondent with the general funds of Planters Corporation, so as to impose personal liability upon the appellant. We conclude that there was no error on the part of the trial Judge in refusing the motion of the appellant for a directed verdict, judgment *non obstante veredicto* or for a new trial.

The appellant complains that the trial Judge committed error in ruling and submitting to the jury, in effect, that Massey was personally liable to the respondent by reason of his official connection with Planters Corporation as an officer, director and stockholder. The charge of the trial Judge to the jury is not subject to the con-

struction placed thereon by the appellant. The trial Judge charged the jury as follows:

"I charge you further, that the mere fact that a person is an officer of a corporation would not in itself make him liable for indebtedness of the corporation. It has to be proved that that officer was guilty of some act of negligence or mismanagement on his part which caused the loss. Your sole determination would be whether the defendant John K. Massey as an officer of this corporation failed to perform acts which he should have performed in connection with this account due to Olin Mathieson Chemical Corporation."

We agree with the appellant that the mere fact that a person is a corporate officer is not sufficient to hold him liable for corporate debts or contracts. *Nalty v. Cohn, et al.,* 117 Miss. 190, 78 So. 3; *Black Diamond Coal Co. v. Anderson Coal Co., Inc.,* 194 Iowa 238, 189 N. W. 774; *Peed, et al., v. Burleson's Inc., et al.,* 244 N. C. 437, 94 S. E. (2d) 351. The trial Judge committed no error in instructing the jury as is above set out.

The appellant charges that the trial Judge committed error in instructing the jury as to the form of its verdict, asserting that the instructions amounted to a charge upon the facts and suggested to the jury that a verdict should be returned against the appellant.

There are many cases holding that the trial Judge may not, even unintentionally, intimate to the jury any opinion he may have as to the facts of the case. Such is prohibited by Article 5, Section 26 of the 1895 Constitution of this State. *Peay, et al. v. Durham Life Ins. Co.,* 185 S. C. 78, 193 S. E. 199.

The trial Judge, in his instructions to the jury as to the form of the verdict, said:

"Your verdict should be in this form, 'We find for the plaintiff $2,054.33 against Planters Corporation, James P. McAlpine' and it is left up to you as to the defendant John K. Massey. If you find that John K. Massey is liable to the

plaintiff for negligence and mismanagement in connection with the handling of plaintiff's account you would add to what I have already told you 'and John K. Massey.' If you find that John K. Massey was not liable, you would leave the verdict just like I have written it here, stopping with the name James P. McAlpine. I just put this down as the form that is used in writing this verdict."

Thereafter, the trial Judge again charged the jury: "If you find that the defendant, John K. Massey, should be held liable, you would add his name where I have put 'and'. If you should find that he is not liable you would leave it as it is." After some discussion as to the form of the verdict, the trial Judge said: "I want to get it straight that in this case I have directed a verdict in favor of the plaintiff against Planters Corporation and James P. McAlpine. I have not directed a verdict against John K. Massey. It is left up to you to determine whether John K. Massey should be held liable in this case also. I think I used his name wrong. That I said I had directed a verdict against the defendant Massey but that is not so. It is left entirely up to you as to whether there should be a verdict against Massey."

The foregoing charge of the trial Judge to the jury seems to us to be perfectly plain and there was no charge or intimation by the Court concerning the facts of the case. We do not think the charge as to the form of the verdict was calculated to mislead the jury. The trial Judge, several times, instructed the jury that it was up to them to determine whether the appellant should be held liable.

All exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.