23278

Larry W. GODFREY, Appellant v. LITTLE RIVER FISHING FLEET, INC., Respondent.

(396 S.E. (2d) 828)

Supreme Court

*Thomas C. Brittain, George M. Hearn, Jr.* and *Scott B. Umstead,* all of *Hearn, Brittain & Martin, P.A.,* Conway, *for appellant.*

*D.W. Green, Jr.,* of *Green & Sasser,* Conway, *for respondent.*

Heard Feb. 20, 1990.

Decided Oct. 8, 1990.

FINNEY, Justice:

This is an appeal of a directed verdict in favor of respondent Little River Fishing Fleet, Inc., a common carrier which owned and operated a fleet of commercial fishing boats. We affirm.

Appellant Larry Godfrey and his family were on a fishing trip aboard one of respondent's boats. A member of respondent's crew asked them to vacate their seats and sit elsewhere since there would be trolling from the side on which they were seated. Godfrey and his wife then took seats on the bow, where they began to get wet from the ocean spray when the vessel got underway. They left these seats, and Godfrey's wife walked down a side corridor to the cabin. When Godfrey proceeded to go over the trunk cabin, a raised portion of the bow, on his way to a corridor on the far side of the boat, he fell and sustained serious injuries.

Godfrey instituted a negligence action against respondent. The complaint was subsequently amended to bring his claim under the "Saving to Suitors" Clause of 28 U.S.C. § 1333. Respondent moved for a directed verdict. The trial judge directed a verdict in favor of the respondent, holding that there was no evidence of negligence on the part of the crew.

In deciding a motion for directed verdict, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. If there is any evidence tending to prove the allegations of the complaint, the motion must be denied. *Olin Mathieson Chemical Corp. v. Planters Corp.*, 236 S.C. 318, 114 S.E. (2d) 321 (1960); *Melton v. Williams*, 281 S.C. 182, 314 S.E. (2d) 612 (S.C. App. 1984).

Since the tort in question is a maritime tort, the substantive law of admiralty applies. In order to constitute a maritime tort, the injury must occur on navigable waters, and there must be some significant relationship between the injury and the traditional concerns of maritime law, navigation or commerce on navigable waters. *Montgomery v. Harrold*, 473 F. Supp. 61 (E.D. Mich. 1979); 2 Am. Jur. (2d) *Admiralty* § 78 (Supp. 1990).

In the present case, the two prongs of a maritime tort are satisfied since the alleged tort occurred on navigable waters while the boat was engaged in a traditional navigation activity, fishing. Moreover, under maritime law the doctrine of comparative negligence prevails in tort cases. *United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S. Ct. 1708, 44 L. Ed. (2d) 251 (1975), *on remand*, 522 F. (2d) 1381 (2d Cir. 1975); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 408-

409, 74 S. Ct. 202, 204, 98 L. Ed. 143 (1953). The record does not indicate that the trial judge considered admiralty law. Nevertheless, we uphold the directed verdict based upon the fact that the record reveals no evidence that appellant's injuries resulted from negligence on the part of respondent's crew.

Appellant next contends respondent was a common carrier and that a presumption of negligence arises on proof of injury to a passenger sustained as a result of some act of omission or commission by the carrier. *Poliakoff v. Shelton*, 193 S.C. 398, 8 S.E. (2d) 494 (1940); *Horne v. Southern Railway Co.*, 186 S.C. 525, 197 S.E. 31 (1938). We disagree.

We adhere to the view that the owner of a ship in navigable waters owes to passengers a duty of "reasonable care under the circumstances of each case." *Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404, 415, 89 S.Ct. 1144, 1150, 22 L. Ed. (2d) 371 (1969); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 410, 3 L. Ed. (2d) 550 (1959). Under this rule, a presumption of negligence does not arise. Thus, we hold that respondent fulfilled its duty of reasonable care under the circumstances and was entitled to a directed verdict. The ruling of the trial court is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.