**Shenell J. SHUMPERT, Plaintiff,**

v.

**AMOCO OIL COMPANY, Defendant.**

**No. 91–C–753.**

United States District Court, E.D. Wisconsin.

Dec. 27, 1991.

---

Jacobson & Hupy by Timothy Rymer, Milwaukee, Wis., for plaintiff.

Borgelt, Powell, Peterson & Frauen by Mark Velguth, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff Shenell J. Shumpert commenced this tort action in the circuit court for Milwaukee county. In compliance with Wis. Stat. § 802.02(1m), the plaintiff did not pray for a specific amount of damages in her complaint. *See* Wis.Stat. § 802.02(1m) (where the plaintiff seeks relief with respect to a tort claim, the demand for judgment may not specify the amount of money the pleader seeks).

On July 10, 1991, the action was removed to this court by defendant Amoco Corporation on diversity grounds. *See* 28 U.S.C. §§ 1332 and 1441. In its notice of removal, Amoco Corporation interpreted the allegations of the complaint as follows: (1) that the defendant caused severe and permanent bodily harm and injury to the plaintiff; (2) that the plaintiff suffered emotional distress and anguish of mind as well as pain that she will continue to suffer for an indefinite time into the future; (3) that the plaintiff was required to seek hospital and medical aid and to expend large sums of money for the same and that she will require continued medical attention; and (4) that the plaintiff was unable to maintain her employment for a period of time and will continue to be so restricted. Based upon this reading of the complaint, Amoco Corporation claimed that the jurisdictional minimum was satisfied because the parties were citizens of different states and the allegations in the plaintiff's complaint suggested that the true amount in controversy exceeds $50,000 exclusive of interest and costs.

Shortly after the action was removed, and on the basis of a stipulation between Amoco Corporation and Ms. Shumpert, the court ordered that Amoco Oil Company [Amoco] be substituted as defendant for Amoco Corporation and that the claim that was brought against Amoco Corporation be dismissed. The court also ordered that the

plaintiff file an amended complaint naming Amoco Oil Company as the defendant. The plaintiff has not yet complied with this order.

Presently before the court is the plaintiff's motion to remand the action to the circuit court of Milwaukee county. In her motion to remand, Ms. Shumpert contends that the action should be remanded to state court because this court lacks subject matter jurisdiction. Specifically, she contends that diversity jurisdiction does not exist under 28 U.S.C. § 1332 because the amount in controversy does not exceed the sum of $50,000 exclusive of interest and costs. For the reasons set forth below, the plaintiff's motion will be granted.

▪ In a removal action, a district court is required to remand a case to state court if it determines, any time before final judgment, that it lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Where the jurisdiction of the court is challenged, the party who invokes jurisdiction has the burden to demonstrate that the jurisdictional allegations are supported by competent proof. *See Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). When, as here, the jurisdictional amount is challenged, the party seeking to invoke federal jurisdiction must establish that there is a reasonable possibility that the plaintiff can recover $50,000 on his or her claim. *See Ross v. Inter–Ocean Insurance Co.*, 693 F.2d 659, 663 (7th Cir. 1982). In testing the sufficiency of the alleged jurisdictional amount, the court is entitled to rely on the information before it at the time that the parties raise the issue and is not limited to the information contained in the complaint. *See Jadair, Inc. v. Walt Keeler Company, Inc.*, 679 F.2d 131, 132–33 (7th Cir.), *cert. denied*, 459 U.S. 944, 103 S.Ct. 258, 74 L.Ed.2d 201 (1982).

▪ Insofar as Amoco contends that the *status* of the case as disclosed by the complaint is controlling in the case of removal, *see St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1937), Amoco is correct. Nonetheless, the court does not find this rule applicable to the present issue because Ms. Shumpert does not assert that the action should be remanded because the status of the case has changed since the filing of the complaint; rather, Ms. Shumpert argues that diversity jurisdiction does not exist because *at no time* has the amount in controversy been greater than the $50,000 jurisdictional amount.

In her motion to remand, Ms. Shumpert contends that the amount she originally sought (and now seeks) under her complaint with respect to her tort claim is far less than the jurisdictional minimum of $50,000. Specifically, she claims that she incurred medical bills in the amount of $905.47, and wage loss in the amount of $1,464.54. Also, she asserts that she has not sustained any permanent injury and that her total injuries incurred, including pain and suffering, do not exceed the jurisdictional minimum of $50,000. In the present action, Amoco bears the burden of establishing that the amount truly in controversy exceeds the $50,000 jurisdictional amount.

In response to the motion to remand, Amoco failed to dispute Ms. Shumpert's assertions as to her medical bills and wage loss nor has it produced any probative evidence as to the amount in controversy. In fact, Amoco has done nothing more than repeat the allegations of the plaintiff's complaint and reiterate its *personal* belief as to the amount of damages reasonably recoverable as compensation for pain and suffering in personal injury litigation in general. *See* Defendant's Brief Opposing Plaintiff's Motion to Remand at 4 ("... it is a well known fact of courtroom life that in personal injury litigation, the intangible factors of pain, suffering, emotional distress and mental anguish constitute the largest items of recovery, exceeding by far the out-of-pocket 'special damages' of medical expenses and lost wages."). Amoco's unsubstantiated personal belief as to the amount of damages reasonably recoverable in similar litigation does not amount to the *competent proof* that it was called upon to produce in order to establish the reasonable possibility that Ms. Shumpert can recover an amount in excess of $50,000 on her

complaint. Accordingly, the court finds that Amoco has failed to sustain its required burden.

Therefore, IT IS ORDERED that Ms. Shumpert's motion to remand this action to state court be and hereby is granted, with costs.

IT IS ALSO ORDERED that the clerk be and hereby is directed to remand this action to the circuit court of Milwaukee county.