23629

Wolfgang KONRAD, Appellant v. SOUTH CAROLINA ELECTRIC AND GAS COMPANY and Daniel E. Henderson, Executor of the Estate of George F. Carnes, Respondents.

(417 S.E. (2d) 557)

Supreme Court

---

*Herbert W. Louthian, Sr.*, Columbia, *for appellant.*

*William B. Harvey, III, Harvey & Battey*, and *A. Parker Barnes, Jr., Barnes Law Firm*, Beaufort, *for respondents.*

Heard Feb. 19, 1992.

Decided April 13, 1992.

TOAL, Justice:

This is an appeal from an order granting summary judgment in favor of both respondents. The issue is whether the trial court erred in applying the three-year federal maritime statute of limitations to injuries arising from the collision of a mast of a sailboat and a transmission line on navigable waters. We hold that federal maritime law applies, and we therefore affirm.

## FACTS

On May 27, 1984, Wolfgang Konrad ("Konrad") was a passenger on a 23-foot sailboat owned by the decedent, George F. Carnes. This sailboat was proceeding in a westerly direction on a saltwater tidal river near Daufuskie Island when the mast of the sailboat came in contact with a transmission line owned and maintained by the South Carolina Electric and Gas Company ("SCE&G"). As a result of this incident, Konrad sustained electrical burns.

Konrad alleged that Carnes was negligent in the navigation of the sailboat. As to SCE&G, Konrad alleged negligence in the construction and maintenance of the transmission line, which crossed the tidal river. Although this incident occurred on May 27, 1984, Konrad's complaint in this action was not filed until May 17, 1990, almost six years later.

The trial court granted motions for summary judgment in favor of both respondents, ruling that the plaintiff's action was untimely filed under the federal maritime statute of limitations. 46 U.S.C. App. § 763a (Supp. 1991).

## LAW/ANALYSIS

The initial question is whether this is a case in which maritime law applies. "In order to constitute a maritime tort, the injury must occur on navigable waters, and there must be some significant relationship between the injury and the traditional concerns of maritime law, navigation or commerce on navigable waters." *Godfrey v. Little River Fishing Fleet*, 302 S.C. 426, 428, 396 S.E. (2d) 828, 830 (1990). The test is a two-part one, and both requirements must be met separately. *Executive Jet Aviation, Inc. v. Cleveland*, 409 U.S. 249, 93 S. Ct. 493, 34 L. Ed. (2d) 454 (1972).

The injury complained of here occurred on a tidal creek when the mast of a sailboat struck a power line. "Admiralty jurisdiction in America . . . extends to all areas within the ebb and flow of the tide." *Hassinger v. Tideland Electric Membership Corp.*, 781 F. (2d) 1022 (4th Cir. 1986). Thus, the first prong of *Godfrey,* and *Executive Jet*, is met.

The second prong of *Godfrey*, and *Executive Jet*, requires only that there be a significant relationship between the injury and navigation or commerce on navigable water. The fact that the boat was a pleasure boat does not affect maritime jurisdiction. See *Oliver v. Hardesty*, 745 F. (2d) 317 (4th Cir. 1984). Injury sustained as a direct result of the mast of a sailboat hitting a transmission wire over navigable waters bears such a significant relationship to navigation on navigable waters as to satisfy the second prong of *Godfrey*, and *Executive Jet. See Hassinger v. Tideland Electric Membership Corp.*, 781 F. (2d) 1022 (4th Cir. 1986). Since the injury meets both prongs of *Godfrey*, and *Executive Jet*, maritime law applies to this action.

Konrad contends that even if maritime law applies, the ■ state six-year statute of limitations is not preempted by the 46 U.S.C. App. § 763a. We believe the correct analysis[1] of this issue is set forth in *Butler v. American Trawler Co., Inc.*, 887 F. (2d) 20, 21 (1st Cir.) *aff'g* 707 F. Supp. 29 (D. Me. 1989).

The Supreme Court has made clear that a maritime tort is 'a type of action which the Constitution has placed under national power to control in 'its substantive *as well as its procedural* features.' *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409 [74 S. Ct. 202, 205, 98 L. Ed. 143] (1953) (quoting *Panama R.R. Co. v. Johnson,* 264 U.S. 375, 386 [44 S. Ct. 391, 393, 68 L. Ed. 748] (1924) (emphasis added) ... Thus, the relevant question is not whether the federal limitations statute, 46 U.S.C. App. § 763(a), is 'substantive' or 'procedural,' but whether Congress intended that statute to preclude the operation of different state limitations statutes in respect to maritime torts. We believe that it did.

*Id.* at 21.

In trying the *Butler* case, the district court stated:

[P]ermitting application of the state statute of limitations would result in an inequitable administration of admiralty law. One plaintiff who meets diversity requirements could invoke a state statute of limitations that may permit an action otherwise barred by 46 U.S.C. App. § 763(a), while another plaintiff who fails diversity criteria may be barred from bringing an otherwise identical action. Other inequities may arise where a plaintiff invokes a statute of limitation in one forum that is more favorable than the statute of limitation available in another forum, resulting in different results for similar admiralty causes of action.

*Butler,* 707 F. Supp. at 35, *aff'd* 887 F. (2d) 20 (1st Cir. 1989).

[1] Konrad relies on *Brockington v. Certified Electric, Inc.,* 903 F. (2d) 1523 (11th Cir. 1990). In *Brockington,* the Eleventh Circuit balanced the federal interest and the state interest protected by the conflicting statutes. Unlike the case at bar, there was no federal statute comparable to the state Workers' Compensation Act. Here, the two statutes protect the same interest and policies. Thus, the need to balance the state and federal interest does not arise.

Here, the trial judge correctly applied the three-year statute of limitations under 46 U.S.C. App. § 763a (Supp. 1991) and dismissed the action as untimely filed.

Affirmed.

HARWELL, C.J., CHANDLER and FINNEY, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.