Iantha **SIMPSON**, as mother and next friend of Lakeisha Simpson, a minor, Plaintiffs,

v.

**WAL–MART STORES, INC.**, Defendant.

Civ. A. No. 94–229–3 MAC(DF).

United States District Court, M.D. Georgia, Macon Division.

Aug. 22, 1994.

Charles A. Mathis, Jr., Patrick Matarrese, Milledgeville, GA, for plaintiff Iantha Simpson, as mother and next friend of Lakeisha Simpson, a minor.

Howard M. Lessinger, Albert J. DeCusati, Atlanta, GA, for defendant Wal–Mart Stores, Inc.

FITZPATRICK, Chief Judge.

Before the court is Plaintiffs' motion to remand their personal injury action to the Superior Court of Baldwin County, Georgia, because the amount in controversy presumably does not meet jurisdictional requirements set forth at 28 U.S.C. § 1332(a). Defendant opposes Plaintiffs' motion, and so the court is called upon to resolve their dispute.

In their complaint Plaintiffs allege that an improperly constructed stereo injured Lakeisha Simpson when its door fell upon her. This bodily contact resulted in physical injuries, and so Plaintiffs pray for recovery of medical expenses as well as an indeterminate amount for pain and suffering.[1] Defendant responded to Plaintiffs' complaint with a notice of removal based upon the diverse citizenry of the litigants.[2] Plaintiffs thereafter moved for remand.

Although the nature of Plaintiffs' claim is easily grasped, it is significantly more difficult to quantify the extent of her damages for jurisdictional purposes. Nevertheless, after careful review of precedent and other, persuasive argument, the following results seem proper.

### CONCLUSIONS OF LAW [3]

"The general federal rule is to decide the amount in controversy from the complaint

---

1. To date Plaintiffs have incurred approximately $500 in medical expenses.

2. Defendant believes that the alleged injury could meet this court's $50,000 prerequisite for diversity jurisdiction.

3. Any facts discussed below and not included above are deemed incorporated as findings of fact.

itself." *Angus v. Shiley,* 989 F.2d 142, 145 (3d Cir.1993) (citing *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961)). However, when a complaint lends itself to divergent interpretations and the parties cannot agree, courts historically rely upon one of three tests for determining the amount in controversy. These tests are: (1) evaluate the petition for removal, (2) make an independent appraisal, or (3) remand the action. *Cole v. Great Atlantic & Pacific Tea Co.,* 728 F.Supp. 1305, 1308 (E.D.Ky.1990) (citations omitted).

■ Of these three tests, analyzing Defendant's petition for removal no longer presents a viable option for resolution of this controversy: the 1988 Judicial Improvements and Access to Justice Act replaced these petitions with simplified notices of removal. *Cole,* 728 F.Supp., at 1308 n. 1. Since federal courts no longer receive removal petitions and their associated factual information, another method of resolving problems like this one must be employed.

■ After elimination of the first test only two possibilities remain: independent appraisal of the complaint and/or automatic remand of the action. Turning next to independent appraisal, again there are three commonly used options, each of which leads to its own conclusions. These options are: (1) measure damages from the plaintiff's perspective, (2) measure damages from the defendant's perspective, or (3) measure damages from the perspective of the party attempting to invoke federal jurisdiction. *Cowan v. Windeyer,* 795 F.Supp. 535, 537–38 (N.D.N.Y.1992) (citations omitted).

In keeping with the traditional, majority position this court will measure damages from the Plaintiffs' perspective. Measuring damages in this manner reinforces the axiom that "the party who invokes jurisdiction has the burden to demonstrate that the jurisdictional allegations are supported by competent proof." *Shumpert v. Amoco Oil Co.,* 782 F.Supp. 77, 79 (E.D.Wis.1991) (citing *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979)). Additionally, by viewing damages from the Plaintiffs' perspective the court is ensured that it will not rely upon the purely personal beliefs of the defendant as an estimation of damages. *See, e.g., Shumpert,* 782 F.Supp., at 79.

■ When Plaintiffs' damages are measured accordingly it appears uncontrovertible that the $50,000 jurisdictional requirement cannot be met. Medical expenses for the injuries to this eight year old child are a mere $500, there is no claim for lost wages or punitive damages, no evidence of long-term illness or injury, and no statistical data indicating a prevalence of large jury awards for similarly-situated plaintiffs in Baldwin County.

Viewed realistically, damages greater than $50,000 were never imagined, and consequently it appears as if this court never truly obtained jurisdiction over this matter. Remand is therefore necessary and proper.

Independent appraisal of Plaintiffs' complaint aside, automatic remand appears inevitable since binding precedent forces such action upon this court. *See Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252 (5th Cir.1961).[4] *Gaitor* reinforces this court's independent determination that Plaintiffs' action was improvidently removed, and so serves as an alternate basis for remand.

■ Thus, whether one makes an independent appraisal of Plaintiffs' complaint or automatically remands in accordance with precedent, it should be recalled that "federal courts are courts of limited jurisdiction." Erwin Chemerinsky, *Federal Jurisdiction* § 5.1. As such there is a presumption against the availability of federal relief.

When applied to the instant matter the principle of limited jurisdiction further supports the court's conclusion that this action should be tried in a more appropriate forum. Accordingly, for the foregoing reasons, Plain-

---

4. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

tiffs' motion to remand is hereby **GRANTED.**

SO ORDERED.