Richard ANDERSON, Appellant,

v.

DIAMOND M–ODECO, INC., Appellee.

No. 14–94–00581–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 1995.

Rehearing Overruled Jan. 4, 1996.

Robert B. Keaty, Lafayette, LA, Richard N. Countiss, Houston, TX, Michael Wilty, Lafayette, LA, for appellant.

Pamela Woherster, Houston, TX, William F. Mahley, Houston, TX, Ed Murphy & Tim Hogan, Houston, TX, Douglas Longman, Lafayette, LA, for appellee.

Before LEE, FOWLER and EDELMAN, JJ.

## OPINION

LEE, Justice.

Richard Anderson appeals a summary judgment in favor of Diamond M–Odeco, Inc. (Odeco). Anderson brings four points of error arguing the action is not barred by the Texas two-year statute of limitations. We reverse and remand.

Anderson, a citizen of the United Kingdom, was injured while on board the *M/V Ocean Alliance* when a "crown clearance indicator" fell and struck him. Two years and twenty days after the incident, Anderson filed suit against Odeco, Varco International, Inc. (Varco), and other defendants asserting general maritime torts under state and federal laws. Varco moved for summary judgment contending Anderson's claims were barred by Texas' two-year statute of limitations. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). The trial court granted the motion and severed the action. Anderson appealed and the First Court of Appeals reversed the summary judgment holding that the three-year federal uniform statute of limitations for maritime torts applied. *See Anderson v. Varco Int'l, Inc.*, 905 S.W.2d 26 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.). After the summary judgment in favor of Varco was severed, Odeco filed a motion for summary judgment which was granted by the trial court. Anderson brings this appeal.

Anderson contends that Odeco's motion for summary judgment was identical to Varco's motion which was reversed by the First Court. He urges that we should similarly reverse the summary judgment. Odeco, on the other hand, contends that, unlike Varco, its motion for summary judgment was not based entirely on the Texas two-year statute of limitations. Rather, it contends that Anderson's action is barred by subsection (b) of the Jones Act because Anderson is a foreigner who was injured in foreign territorial waters. *See* 46 U.S.C.A. App. § 688(b) (West Supp.1995).

Initially, we note that we agree with the First Court that the federal uniform statute of limitations for maritime torts applies to this action rather than the Texas two-year statute of limitations for personal injury actions. Congress enacted section 763a, the uniform statute of limitations for maritime torts, in order to provide harmony and uniformity in maritime law. *Usher v. M/V Ocean Wave*, 27 F.3d 370, 372 (9th Cir.1994). Maritime torts are the "type of action which the Constitution has placed under national power to control in its substantive *as well as its procedural* features." *Butler v. American Trawler Co.*, 887 F.2d 20, 21 (1st Cir.1989) (quoting *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409, 74 S.Ct. 202, 205, 98 L.Ed. 143 (1953)) (emphasis in *Butler*). The question, however, is not whether a statute of limitations is "procedural," but rather whether applying the statute would interfere with the uniformity of federal admiralty jurisdiction. *Butler*, 887 F.2d at 21–22; *see also Exxon Corp. v. Choo*, 881 S.W.2d 301 (Tex. 1994); *Texaco Ref. and Mktg., Inc. v. Estate of Dau Van Tran*, 808 S.W.2d 61 (Tex.1991), *cert. denied*, 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 245 (1991); *Konrad v. South Carolina Elec. and Gas Co.*, 308 S.C. 167, 417 S.E.2d 557 (1992). The result is a "reverse-Erie doctrine" where both state and federal courts apply the federal statute of limitations in maritime cases. *Mink v. Genmar Indus., Inc.*, 29 F.3d 1543, 1548 (11th Cir.1994). Accordingly, we agree with the First Court and

hold that the three-year federal statute of limitations applies.[1]

Odeco, however, contends that its motion for summary judgment was not based on statute of limitations, but subsection (b) of the Jones Act. Section 688(b) provides that a non-resident alien may not maintain a personal injury action under the Jones Act "or under any other maritime law of the United States" if he has a remedy in his home or host nation and was injured: (1) while engaged in off-shore energy exploration and (2) while in foreign territorial waters. 46 U.S.C.A. App. § 688(b) (West Supp.1995); *Jackson v. S.P. Leasing Corp.*, 774 S.W.2d 673, 676 (Tex.App.—Texarkana 1989, writ denied). Odeco contends that if there was any confusion about the thrust of its motion, Anderson should have excepted. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex.1993).

A review of Odeco's motion for summary judgment does not support its argument. Odeco's motion for summary judgment is based entirely on the Texas statute of limitations. The introductory paragraph asserts that it is entitled to summary judgment because it has established each element of the statute of limitations as a matter of law. The summary of its argument states that Anderson failed to bring this action within two years and, consequently, the claim is barred by civil practice and remedies code section 16.003. The motion then describes how each type of claim is time barred. Section 688, the Jones Act, is only mentioned in two places in Odeco's eleven page motion for summary judgment. When read in context, these provisions indicate that Anderson did not bring an action under the Jones Act.[2] Anderson alleged that his causes of action were brought under Texas state law, general maritime law, international maritime law and United Kingdom law. In fact, Anderson specifically plead that he was not bringing a federal Jones Act action.

In *McConnell* the supreme court stated:

> summary judgments must stand or fall on their own merits, and the non-movant's failure to except or respond cannot supply by default the grounds for summary judgment.... Even if the non-movant fails to except or respond, if the grounds for summary judgment are not expressly presented in the motion for summary judgment itself, the motion is legally insufficient as a matter of law.

*McConnell*, 858 S.W.2d at 342. Based on our review of the motion for summary judgment, we conclude that Odeco did not expressly present section 688(b) as a basis for the summary judgment. Rather, section 688(b) was only mentioned in support of its claim that the action was time barred. Because section 688(b) was not presented as a ground for summary judgment, Odeco's motion was legally insufficient and the summary judgment should not have been granted. *See also Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993); *Anderson*, 905 S.W.2d at 28.

Furthermore, Odeco's summary judgment proof was insufficient to support its section 688(b) argument. On appeal, Odeco relies on Anderson's petition to support its argument. *See Vela v. City of McAllen*, 894 S.W.2d 836, 839 (Tex.App.—Corpus Christi 1995, no writ); *Bradt v. West*, 892 S.W.2d 56, 65 (Tex. App.—Houston [1st Dist.] 1994, writ denied). It argues that each element of its section 688(b) defense is conclusively established. We disagree.[3]

---

1. Of course, if Anderson brought both maritime and non-maritime Texas tort claims, the non-maritime claims would be governed by the Texas statute.

2. In the body of the motion, section 688 is cited as follows:

   No statute creates [a] substantive right of recovery in this case. *See* 46 U.S.C.A. § 688(b)(1) (App. [sic] 1993).

   In a footnote, section 688 is cited as follows: The 1982 amendments to the Jones Act expressly exclude actions for injury brought by a non-citizen, non-resident when employed in off-shore mineral exploration on the outer continental shelf of a nation other than the United States. 46 U.S.C.A. § 688(b)(1) (App. [sic] 1993).

3. We also note that Odeco's motion does not reference which uncontested facts it relies on to support its assertion. This is consistent with our previous holding that Odeco moved for summary judgment based on statute of limitations only, not section 688(b). Odeco's argument would have required the trial court to piece together various facts without the aid of citations to the summary

Section 688(b) bars an action for personal injuries which were sustained "in the territorial waters or water overlaying the continental shelf of a nation other than the United States." 46 U.S.C.A. § 688(b) (West Supp.1995). Anderson's petition does not allege where the accident occurred. In his response to Odeco's motion for summary judgment, Anderson states the injury occurred "on navigable waters." This statement, standing alone, is insufficient to demonstrate that the accident occurred in foreign waters. Thus, there is no summary judgment proof indicating where the accident occurred. A summary judgment for a defendant is proper when the evidence establishes that there is no genuine issue of material fact over each element of an affirmative defense. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). A movant must identify or address each element of an affirmative defense in order to conclusively establish the defense. *Id.* Thus, even if Odeco properly presented its section 688(b) argument to the trial court, it failed to conclusively establish a section 688(b) defense to Anderson's action.

In summary, we find that Odeco moved for summary judgment based on statute of limitations. The federal three-year statute of limitations applies to the cause which was filed two-years and twenty days after Anderson was injured. Therefore, the action was not time barred. In addition, even if Odeco had properly moved for summary judgment based on subsection (b) of the Jones Act, the summary judgment proof was insufficient to support the judgment. Accordingly, the summary judgment was erroneously granted, Anderson's four points of error are sustained and the judgment of the trial court is reversed.

judgment proof to reach the conclusion it urges on appeal.