Barbara E. LASUSA, Lawrence R. LaSusa, and Michael V. LaSusa, a minor, Plaintiffs,

v.

LAKE MICHIGAN TRANS–LAKE SHORTCUT, INC. d/b/a Lake Michigan Carferry, Defendant.

No. 99–C–1253.

United States District Court, E.D. Wisconsin.

Sept. 21, 2000.

Lawrence R. LaSusa, Law Offices of Lawrence R. LaSusa, Barrington, IL, for Plaintiffs.

Geoffrey M. Herbon, Herbon, McLaughlin & Herbon, Milwaukee, WI, Steven B. Belgrade, Belgrade & O'Donnell, Chicago, IL, for Defendant.

## ORDER

RANDA, District Judge.

This matter comes before the Court on a motion to remand by the plaintiffs, Barbara E. LaSusa, Lawrence R. LaSusa, and Michael V. LaSusa, who argue that 28 U.S.C. § 1332 ("Section 1332") does not confer upon this Court subject matter jurisdiction over their personal injury claims against Lake Michigan Trans–Lake Shortcut, Inc., d/b/a Lake Michigan Carferry ("Carferry") because the "amount in controversy" is $75,000 or less. The defendant opposes the motion, having removed this action from the Circuit Court for Manitowoc County pursuant to 28 U.S.C. § 1446. On the basis of the complaint, the notice of removal, and the briefs and supporting papers submitted by the parties, the Court is unable to conclude that the jurisdictional amount mandated by Congress for diversity cases has been established. Accordingly, the Court will allow the parties ninety days in which to conduct limited written discovery relating to the nature and scope of the plaintiffs' damages, after which time the plaintiffs may re-file their motion to remand. Until the threshold question of whether the Court has subject matter jurisdiction has been resolved, however, the Court will postpone a ruling on Carferry's pending motion to dismiss, which argues that the plaintiff's claims are time barred under 46 U.S.C.App. § 763a.[1]

## BACKGROUND

The plaintiffs filed suit on or about September 20, 1999 in the Circuit Court for Manitowoc County, Wisconsin. The allegations of their complaint are straight-

---

1. The defendant makes a persuasive argument that this is a maritime tort case to which the three-year statute of limitations found in 46 U.S.C.App. § 763a applies regardless of whether this matter proceeds in federal or state court. See, e.g., Konrad v. South Carolina Elec. & Gas Co., 308 S.C. 167, 417 S.E.2d 557 (1992). If this argument is cor-

rect, the plaintiffs' claims are time-barred. However, in the event this case is remanded to state court for lack of subject matter jurisdiction, any opinion ventured by this Court concerning the statute of limitations issue raised by Carferry's motion to dismiss would be strictly advisory.

forward. Lawrence and Barbara LaSusa allege that on September 22, 1995, in Manitowoc, Wisconsin, they and their minor son, Michael, boarded a vessel owned and operated by the defendant. The vessel, the S.S. Badger, was bound for Ludington, Michigan. Before the boat could leave the dock, however, an unfortunate accident befell Michael. The complaint alleges that Michael "entered a stairway for the purpose of descending a flight of stairs, when the door to the stairway closed behind him leaving him in near total darkness." When the boat unexpectedly "heaved," the movement of the vessel allegedly caused Michael to fall down the stairs, resulting in "a fractured jaw, broken teeth, abrasions and contusions about his face and other injuries." The plaintiffs, who maintain that Carferry's negligence was the direct and proximate cause of Michael's accident, seek money damages based on Michael's injuries, medical expenses, his parents' loss of consortium, and his parents' lost earnings and lost earnings capacity. Although tort claimants in Wisconsin are not supposed to specify the amount of money damages they seek in their pleadings, Wis. Stat. § 802.02(1m), the LaSusa complaint demands judgment against Carferry "for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000)."

## ANALYSIS

█ If a federal court could have exercised original jurisdiction over a case that was filed in state court, the defendant in the state-court case may remove the case to federal court, provided that the defendant is not a citizen of the state in which the case was filed. 28 U.S.C. § 1441. That is what Carferry (not a citizen of Wisconsin) has done here. "In a removal action, a district court is required

to remand a case to state court if it determines, any time before final judgment, that it lacks subject matter jurisdiction over the case." *Shumpert v. Amoco Oil Co.*, 782 F.Supp. 77, 79 (E.D.Wis.1991); *see also* 28 U.S.C. § 1447(c) & Fed. R.Civ.P. 12(h)(3). As there is no assertion of "federal question" jurisdiction in this case,[2] the defendant relies upon diversity jurisdiction, which requires that the parties be of completely diverse citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. The plaintiffs, in their motion to remand, challenge only the amount in controversy.

█ The plaintiffs' motion to remand presents an anomalous but not entirely unprecedented situation: the defendant argues that the plaintiffs' tort claim should stay in federal court because it is probably worth *more* than $75,000, while the plaintiffs maintain that their case should be remanded because it is probably worth *less* than this amount. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (noting "comical" aspects of this situation). As the party seeking to invoke federal jurisdiction, Carferry bears the burden of demonstrating that both the complete diversity and "amount in controversy" requirements of Section 1332 were satisfied at the time of removal. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000). A defendant meets this burden by supporting its allegations of jurisdiction with "competent proof," meaning "evidence which proves 'to a reasonable probability that jurisdiction exists.' " *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir.1997) (quoting *Dow Brands, supra*). In other words, Carferry must show, to a reasonable probability, that the amount in controversy exceeds $75,000. *Id.*

2. Presumably, Carferry has not relied on federal question jurisdiction as a basis for removal because of the "saving-to-suitors" clause in Section 1333(1) of Title 28. "[S]aving-clause cases theoretically are removable only if the elements of diversity jurisdiction—

diversity of citizenship and the requisite amount in controversy—or some other federal subject matter jurisdiction basis is present." 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* §§ 3672, 3674 (3d ed.1998).

In applying the "reasonable probability" standard, the Court is mindful that federal courts are courts of limited jurisdiction and that "policing the border of federal jurisdiction" is both a duty and a constitutional "necessity." *Unified Catholic Schools of Beaver Dam Educ. Ass'n v. Universal Card Servs. Corp.*, 34 F.Supp.2d 714, 717 n. 2 (E.D.Wis.1999). As explained by the Third Circuit:

> The policy of the [diversity jurisdiction] statute calls for its strict construction. The power reserved to the states, under the Constitution, to provide for the determination of controversies in their courts may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.

*Nelson v. Keefer*, 451 F.2d 289, 294 (3rd Cir.1971).

The Court's starting point is the complaint itself, which seeks judgment against Carferry "for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000)." This demand is based on Michael's injuries (*i.e.*, a "fractured jaw, broken teeth, abrasions and contusions about his face and other injuries"), the costs (including future costs) of providing medical care for these injuries, the "loss of [Michael's] society and companionship," and, allegedly, a loss of earnings and earnings capacity suffered by Michael's parents, presumably as a result of having to provide extra care for their injured son. The Court does not believe that the allegations of the Complaint alone provide a sufficient basis for determining that there is a "reasonable probability" that the amount in controversy exceeds $75,000. *See King v. Wal–Mart Stores,*

*Inc.*, 940 F.Supp. 213, 216 (S.D.Ind.1996) ("when seeking a federal forum, a defendant must explain with factual detail that it is reasonable and probable that the plaintiff's particular injuries exceed [$75,-000]"). Pleadings often overstate damages, and, while the demand of $50,000 or more in this case may or may not be exaggerated, the descriptions of Michael's injuries in the complaint make an objective assessment difficult. Even taking the demand at face value, the Court only knows for certain that the claim is worth $50,000 or more, it does not know *how much* more. In circumstances like this, the Court may look "outside the pleadings to other evidence of jurisdictional amount in the record," provided that it considers only "evidence of amount in controversy that was available at the moment the petition for removal was filed." *Chase*, 110 F.3d at 427–28; *see also Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir.), *cert. denied*, 522 U.S. 966, 118 S.Ct. 413, 139 L.Ed.2d 316 (1997). However, in this Circuit, neither post-removal stipulations (of the kind proposed by the defendant and rejected by the plaintiffs) nor post-removal affidavits (of the kind submitted by Lawrence LaSusa in an effort to force remand) will deprive the Court of jurisdiction. *Chase*, 110 F.3d at 429; *Dow Brands*, 994 F.2d at 376. By the same token, "[t]he mere failure to respond to a request for stipulation cannot be used as a basis for removal." *McLain v. Am. Int'l Recovery, Inc.*, 1 F.Supp.2d 628, 631 (S.D.Miss.1998).[3] Mr. LaSusa's affidavit is particularly unhelpful because it merely states that he "do[es] not believe the matters in controversy will exceed $75,000." The affidavit of defense counsel, who "believes that Plaintiffs will be seeking in excess of $75,000," is not any more illuminating. Furthermore, if it is true, as the defendant argues in connection with the plaintiffs' offer of settlement (*see* n. 3

---

3. The plaintiff's post-removal "offer of settlement" (for $59,000) falls into the same category. Accordingly, the Court grants Carferry's motion to strike the offer of settlement and the plaintiff's "supplemental" brief that

purports to rely on that offer of settlement as evidence of the amount in controversy. However, the Court does not agree with Carferry that the plaintiffs' reliance on the offer of settlement is sanctionable.

*supra*) that the defense has not even had an opportunity to review basic documents such as tax returns and medical records, how can the defendant say with confidence that there is a reasonable probability that the plaintiffs seek more than $75,000?

In an effort to meet its burden of establishing federal jurisdiction, the defendant has come forward with jury verdict and settlement figures in Wisconsin cases that involved injuries comparable to those allegedly suffered by Michael. However, this data is at best inconclusive. As the plaintiffs point out in their reply brief, the amounts of these verdicts or settlements range from $9,500 to $97,000, with the median amount being slightly more than $50,000. In short, these figures show that the amount in controversy in this case *could* be in excess of $75,000,[4] but not that a recovery of this much money is "reasonably probable."

While the Court acknowledges that Carferry has the burden of establishing jurisdiction, it also recognizes that this burden can be difficult to meet when the amount in controversy is not clear from the allegations of the complaint. Out-of-state defendants have a statutory right of removal, *see* 28 U.S.C. § 1441, and they should, in the Court's opinion, be given a fair opportunity to show that jurisdiction is proper. On the other hand, as previously noted, the Court may not transgress the boundaries of its limited jurisdiction by blithely assuming that the amount in controversy requirement has been satisfied. The Court will therefore allow limited, and somewhat expedited, discovery relating to the plaintiffs' claimed damages, as requested by Carferry in a separate (and unopposed) "alternative" motion under Local Rule 6.07. This Court "has a duty to make the inquiries necessary to establish its own jurisdiction" and the "blueprint [for] determining the length and breadth

of the amount in controversy is entirely within [its] discretion ...." *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990); *see also Gibbs v. Buck*, 307 U.S. 66, 71–72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court."); *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir.1969) ("The scope of the pre-trial jurisdictional inquiry must of necessity turn on the specific pleadings and facts involved in each particular case," but it need not involve a "full-scale" evidentiary hearing). If the plaintiffs are truly playing "hide the ball" with respect to damages, *i.e.*, sitting on evidence of significant damages in order to defeat federal jurisdiction, then limited discovery concerning damages will reveal them at their game. On the other hand, such discovery may disclose that the plaintiffs' damages fall demonstrably below the jurisdictional threshold for federal jurisdiction, in which case their action against Carferry will be remanded to state court.[5]

The Court is aware that further proceedings on the jurisdictional question will result in additional expense for the parties and that the end result may well be remand. However, while "[p]arties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, ... this does not override the important principle that the federal courts are courts of limited jurisdiction." *Wellness Community v. Wellness House*, 70 F.3d 46, 50 (7th Cir.1995). It is in the interest of effectively "policing the border" of its limited jurisdiction that the Court permits discovery relating to the plaintiffs' claimed damages. *Universal Card Servs.*, 34 F.Supp.2d at 717 n. 2. As for the bounds of this discovery, the Court trusts that counsel for the parties will be able to police themselves and determine

---

4. The discussion above assumes, of course, that the plaintiffs are able to establish liability on the part of Carferry.

5. Yet another possibility is that damages-related discovery will allow the parties to engage in meaningful settlement negotiations.

what is and is not relevant for purposes of determining the amount in controversy, consistent with the foregoing.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Defendant's motion under Local Rule 6.07 requesting leave to conduct discovery relating to damages is GRANTED with the following conditions:

(a) The plaintiffs shall provide the mandatory interrogatory answers specified in Local Rule 7.07 no later than thirty (30) days from the date of this order, and the defendants shall provide their mandatory interrogatory answers within thirty (30) days of service of the plaintiffs' mandatory interrogatory answers. L.R. 7.07; and

(b) The parties may conduct limited written discovery pursuant to Rules 33, 34 & 36 concerning the nature and scope of the damages claimed by the plaintiffs in their complaint, provided that all such discovery shall be completed within ninety (90) days of this order.

2. The plaintiffs' motion to remand is DENIED without prejudice to their ability to re-file the motion upon expiration of the 90-day period allowed for damages-related discovery.

3. Defendant's motion to strike the plaintiffs' offer of settlement is GRANTED;

4. Defendant's motion to strike the plaintiffs' supplemental brief in support of remand is GRANTED; and

5. Defendant's motion for sanctions is DENIED.

SO ORDERED.